# Cross *v.* The State.

*Indictment for Grand Larceny:*

1. *Plea of former jeopardy; necessary allegations when relying on trial in a justice court.*—In a plea of former jeopardy, where the defendant relies on a trial before a justice of the peace, it is necessary to set out

[Cross v. The State.]

the written complaint on which the justice of the peace proceeded, and failing in this, the plea is demurrable.

2. *Filing of indictment; what necessary for record to show.*—As to the filing of an indictment, it is not necessary that the record should show anything further than the official certificate of the clerk indorsed thereon.

APPEAL from the County Court of Sumter.

Tried before the Hon. W. R. DELOACH.

The indictment under which the appellant, Ed Cross, was tried and convicted, contained two counts; the first count charging the larceny of cotton seed of the value of ten dollars, and the second count charging him with buying, receiving or concealing cotton seed of the value of ten dollars, knowing it to be stolen. On the trial, the defendant filed the following plea of former jeopardy: "Now comes the defendant by his attorneys and pleads former jeopardy in this cause, and in support and maintenance of said plea avers and alleges that he was arrested on a warrant of arrest issued by J. M. Mitchell, a justice of the peace in and for said State and county, that said warrant was issued on the 2d day of December, 1895, and was returnable before said justice, instanter, that it, the said warrant, charged him with the crime of grand larceny; that he was arraigned for trial upon said warrant before the said J. M. Mitchell and pleaded not guilty to it, that he was then tried by the said J. M. Mitchell upon said plea of not guilty, and bound over to the next grand jury of said State and county; that the value of the cotton seed taken, carried away and converted by him, was of about, to-wit, the sum of eight 50-100 dollars; that it was alleged and averred in the affidavit of W. B. Henegan, upon which the said warrant of arrest was issued, that the said cotton seed was the property of him, the said W. B. Henegan, that the said offense was committed in said State and county and that the said J. M. Mitchell, as a justice of the peace in and for said State and county, had full, complete, lawful and legal jurisdiction of the crime or offense committed by this defendant as herein alleged and averred; that at the spring term, 1896, of the circuit court of said State and county, he was indicted by the grand jury, and charged in said indictment with feloniously taking and carrying away a lot of cotton

seed, to-wit, eighty bushels of cotton seed, of the value of, to-wit, ten dollars ($10.00) the personal property of Wm. B. Henegan; that said indictment further charges him with having bought, received, concealed or aided in concealing a lot of cotton seed, to-wit, eighty bushels of cotton seed, the personal property of Wm. B. Henegan, of the value of, to-wit, ten dollars ($10.00), knowing it was stolen, and not having the intent to restore it to its owner; that he is now being prosecuted in the county court of said State and county upon said indictment; that said county court has jurisdiction of it, that he is the identical person named in said indictment, and that it, the said indictment, charges him with the identical crime or offense for which he was arrested, arraigned, and tried by the said J. M. Mitchell as hereinbefore alleged and averred; all of which allegations and averments he prays may be enquired of by a jury." To this plea the State demurred upon the following ground: "That said plea of former jeopardy does not contain a record of the proceedings wherein the said defendant was placed in jeopardy, as in said plea averred." This demurrer was sustained, to which ruling the defendant duly excepted. This is the only ruling presented by the record for review on the present appeal.

ALTMAN, BROCKWAY & AMASON, for appellant, cited *DeArman v. State*, 77 Ala. 10; *Baysinger v. State*, 77 Ala. 60; *Jordan v. State*, 81 Ala. 20; *Rickles v. State*, 68 Ala. 538; *Ex parte Rice*, 102 Ala. 671.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Thomas v. State*, 114 Ala. 32; *State v. Atkinson*, 9 Hum. (Tenn.) 677; *Boswell v. State*, 20 Fla. 869; *White v. State*, 9 Texas App. 390; *Bell v. State*, 48 Ala. 684; *Horton v. State*, 80 Ala. 8.

HEAD, J.—The only objection taken by the State's demurrer to the plea of former jeopardy was that the plea did not contain "a record of the proceedings wherein the said defendant was placed in jeopardy, as in said plea averred." The plea shows defendant was arrested and tried on a warrant issued on a complaint made by the owner of the property charging the defendant with

grand larceny, and undertakes to set out the substance and legal effect of those proceedings.

There are three decisions of this court expressly holding that where jeopardy under an indictment is pleaded to a subsequent indictment, the former indictment must be set out in the plea.—*Henry v. State*, 33 Ala. 389; *Foster v. State*, 39 Ala. 229; *Smith v. State*, 52 Ala. 407. See also, 1 Bish. Cr. Law, §§ 680 *et seq.*

A justice of the peace in the exercise of his jurisdiction of criminal offenses can not lawfully try and convict or acquit a supposed offender or put him in jeopardy, except upon a written complaint or accusation charging the party with the offense. Such a written complaint or accusation is as essential to the jurisdiction of the justice as the indictment is to the jurisdiction of the circuit court; and proof of this accusation can only be made by the production of the document itself, unless lost or mislaid under circumstances which let in secondary evidence.

We are unable, therefore, to perceive any distinction in principle between this case and those cited. We can not see why the fact that one is a court of record and the other not, should affect the question. The purpose of the rule is to enable the court to have before it the written accusation under which the jeopardy is alleged to have occurred so that the court can see that it is an accusation under which jeopardy may have lawfully arisen in the manner claimed in the plea. The technical difference in the nature of the two courts, the one being a court of record and the other not, we think, is an immaterial consideration.

The court did not err in sustaining the demurrer to the plea.

The filing of the indictment in court is officially certified by the clerk and endorsed thereon. That is all the record need show touching its filing.

In view of the provisions of section seven of the act to regulate the trials of misdemeanors in Sumter county (Acts of 1882-83, p. 214), the record sufficiently shows that the county court acquired jurisdiction of the trial of this cause.

Affirmed.