# Huckabee *v.* The State.

## *Larceny.*

(Decided July 6th, 1910.   53 South. 251.)

1. *Criminal Law; Venue; Change; Application; Verification.*—Section 7851, Code 1907 requires that an application for a change of venue be verified by affidavit of the defendant, on oath, and unless it is so verified it is demurrable.

2. *Same; Former Jeopardy.*—Where a plea of former jeopardy shows on its face that the former trial was for an offense different from the one for which the defendant was then being tried is was demurrable.

3. *Jury; Petit Jury; Qualifications; Resident.*—One residing in the county, but who pays his poll tax and votes in another county, is a qualified juror under local acts 1898-99, p. 1444, since it is not thereby required that he be a householder or freeholder;· it not being necessary to become a resident of another locality that the party should change his citizenship ·or his domicile.

4. *Trial; Reception of Evidence; Objection; Time.*—Objections made to questions after the witness has answered come too late.

5. *Same; Form of Question.*—The question, "Tell the jury what ·happened" was not objectionable, as it did not necessarily call for illegal testimony.

6. *Evidence; Res Gestae.*—Where it was shown that a trunk was taken to where a body was, and that the defendant tried to open it and failed, it was competent as part of the res gestae of the transaction to ask what became of the lamp, and if it was lighted at that time.

7. *Charge of Court; Reasonable Doubt.*—A charge asserting that unless the jury were convinced beyond a reasonable doubt of defendant's guilt, they should acquit him, was a proper charge, and its refusal error.

8. *Same; Form of Request; In Bulk.*—During the trial the attorney for the defendant laid upon the court's desk a large envelope out of which stuck sundry slips of paper, on which were written sundry requests for instructions, each on a separate slip of paper. During the argument the court took out several and examined them, and coming to the affirmative charge, returned them all to the envelope, placing it again upon his desk. At the conclusion of the argument, and after he had charged the jury, he took out the slips and marked "refused" upon each, on the theory that they were requested in bulk. Held the rule as to requests in bulk did not apply, under these circumstances.

Dowdell, C. J., and Simpson and Evans, JJ., dissenting.

[Huckabee v. The State.]

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Wyley Huckabee was convicted of larceny, and he appeals. Reversed and remanded.

The application for change of venue was based upon the fact that defendant had been prosecuted for the murder of Luke Bradford, and that, while he had been acquitted of that charge, there had been generated by said trial a widespread feeling and prejudice against the defendant, and that such feeling and prejudice existed throughout the county to such an extent and in such a degree as to render it impossible for defendant to get a fair trial; that the charge for which defendant was then on trial was alleged to have been committed at the same time as the charge of murder on which he was tried and acquitted. This application seems to have been signed by Huckabee, per I. I. Canteberry, attorney, and to have been sworn to and subscribed by the attorney.

The plea of former jeopardy referred to alleges, in substance, that defendant was charged and put upon trial for murder, and that after trial defendant was acquitted and discharged, but defendant says that he is now charged with a larceny which is based upon the same matter and transaction as that for which he was tried and acquitted as aforesaid in the first indictment. Givhan was summoned as a special juror to complete the panel, the regular panel having been exhausted, and was asked the preliminary questions, and in answer thereto stated that he resided in Marengo county, but that he paid his poll tax and voted in Perry county, whereupon the defendant moved to challenge him for cause. The witness Ford stated that he was present when Bradford lost his life, as was Spencer Ford and Wyley Huckabee; that Bradford was killed near his

house, and that immediately after the killing a trunk, a quilt, and a lamp were taken from the house; and that at the time Luke Bradford was lying by the fence 50 or 75 yards from the house. The defendant moved to exclude all the testimony in reference to the killing of Luke Bradford. The court overruled the motion, and the solicitor then said to the witness, "Tell the jury what happened," and witness answered that Wyley Huckabee carried the trunk to where the body was and tried to break it open with a pole, but, failing to do so, defendant took a sack from his pocket, and took out some keys, and opened the trunk. The question was asked what became of the lamp; and "if you lighted the lamp down there where the trunk was?" The witness answered that they lit the lamp, but he did not remember who held it. The bill of exceptions shows as to the written charges as follows: "Defendant's attorney walked up to the desk of the presiding judge and laid thereon a large envelope, out of which were sticking some slips of paper. The defendant's attorney at the time said nothing. The court thereafter and during the argument of counsel picked up the envelope and opened it, and discovered its contents to be sundry written charges on separate slips of paper. The court took the charges out, examined four or five of them, and came to the charge directing the defendant's acquittal. The court then replaced the charges in the envelope, and laid it upon the desk. When the court had completed its charge to the jury, defendant's counsel asked the court if he had seen his written charges, and the court replied that he had and refused them all. Defendant's attorney objected to the action of the court in the refusal of said charges. Said charges were not requested separately and severally, but placed as stated in the envelope, and for this reason the court, after reaching in

its examination what he considered to be a bad charge, did not examine the charges further until after the jury retired. After the jury retired, the court opened the envelope, took out all the charges, and indorsed its refusal on the back thereof. "Charge 19, I charge you that under the evidence in this case, unless you are convinced beyond a reasonable doubt of the guilt of this defendant, you will find him not guilty."

I. I. CANTEBERRY, for appellant. The application for change of venue was in proper form, made in time and not subject to demurrer.—*Birdsong v. The State*, 47 Ala. 68; *Gilmer v. The State*, 126 Ala. 20; *Jackson v. The State*, 104 Ala. 1; Sec. 7851, Code 1907. The demurrer to defendant's plea of former jeopardy should have been overruled.—*Foster v. The State*, 88 Ala. 182; *State v. Standifer*, 5 Port. 523; 2 Hale, 246; L. Chitty C. L. 435; form 6, page 842, Criminal Code 1907. The juror was incompetent, and should have been discharged.—*Judson v. Eslava*, 3 Ala. 546; as to the definition of domicile and residence, see: 17 Amer. St. Rep. 652; 89 Amer. St. Rep. 952; 92 Amer. St. Rep. 407; 2 Words and Phrases, 1164. The court erred in the admission of the evidence objected to.—*Mitchell v. The State*, 140 Ala. 121. The charges were asked separately and not collectively, and there were several charges that were good.—*Horn v. The State*, 98 Ala. 30; *Teague, et al. v. Lindsay*, 106 Ala. 276.

ALEXANDER M. GARBER, Attorney General, for the State.

SIMPSON, J.—The appellant was convicted of the larceny of $50.

Without noticing other causes, the demurrer to the application for a change of venue was properly sustain-

ed on the ground that it was not verified by the oath of the defendant.—Code 1907, § 7851.

There was no error in sustaining the demurrer to the plea of former jeopardy, as the plea shows that the former trial was for an entirely different offense from that for which the defendant in this case was placed on trial. The fact of larceny could not be an issuable fact in the trial under an indictment for murder. There was no error in not sustaining the challenge to the juror, Givhan. The special act with regard to the competency of jurors in Marengo county does not require the juror to be a householder or freeholder, nor a citizen of said county, but only a "resident."—Loc. Acts 1898-99, p. 1444. The juror answered that he resided in Marengo county, but paid his poll tax and voted in Perry county. In order to become a resident of another locality, it is not necessary that the party change his citizenship or his domicile.—7 Words & Phrases, 6151 et seq. It matters not whether the juror was properly paying his poll tax and voting in Perry county or not; the fact remains that he stated positively that he resides in Marengo county.

With regard to the testimony touching the incidents of the murder of Bradford, the bill of exceptions does not show that any objection was made to the questions, but rather indicates that no objection was made until after the witness had been allowed to testify fully. A party cannot speculate on what testimony a witness will give, and then move to exclude. We must presume that the court properly overruled the objection.

There was no error in overruling the objection to the question to the witness Ford, "Tell the jury what happened," as it did not necessarily call for illegal testimony, and the answer shows that the facts stated were pertinent to the issue in this case.

The testimony as to whether the witness lit the lamp was properly admitted, as it was a part of the res gestae of the taking of the articles from the trunk, and illustrated the opportunity of the witness to see what was taken.

For reasons already stated, and others apparent on the record, there was no error in admitting or excluding evidence in the further progress of the case.

In the opinion of DOWDELL, C. J., and EVANS, J., and of the writer, the facts set out in the bill of exceptions in regard to the charges requested by the defendant show that they were all asked in bulk, and were acted on in bulk by the court. Consequently, if either one of them was properly refused, the court cannot be placed in error for refusing all, and the general charge and several others were properly refused.

ANDERSON, MCCLELLAN, MAYFIELD, and SAYRE, JJ., think that the rule with regard to charges in bulk does not apply to this case; that without entering into a critical examination of the charges, a greater part of which are bad, charge 19 should have been given, which reverses the case.

MCCLELLAN, J., concurs in the result, though not concurring in all that is said about the effect of paying poll tax and voting in another county.

The judgment of the court is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, MCCLELLAN, SAYRE, and MAYFIELD, JJ., concur. DOWDELL, C. J., and SIMPSON and EVANS, JJ., dissent.