# Roden *v.* The State.

*Violating Prohibition Law.*

(Decided Feb. 8, 1912. 58 South. 72.)

1. *Intoxicating Liquors; Evidence.*—As either a gift or a sale is sufficient to sustain a conviction upon an indictment under section 22½, Acts 1909, p. 63, it is competent for the state to introduce in evidence the U. S. Internal Revenue Collector's receipt for the special tax on the business of retail liquor dealer, issued to the defendant and found in his place of business, although nothing but a gift of whisky had been shown against the accused.

2. *Same; Indictment; Evidence.*—Where the indictment alleged that defendant sold, offered for sale, kept for sale, or otherwise disposed of prohibited liquors, it is supported by proof of either a gift or a sale of such liquors.

*3. Same; Time of Offense.*—The evidence in this case stated and. examined and held sufficient to show that the act charged was committed within the year immediately preceding the finding of the indictment.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Pick Roden was convicted of violating the prohibition law and he appeals. Affirmed.

D. ISBELL, for appellant. For want of proof of some of the necessary elements charged, the defendant was entitled to the affirmative charge—*Childs' case,* 55 Ala. 28. The court erred in permitting the revenue license to go to the jury.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The evidence is sufficient to authorize the finding that the act was committed within twelve months preceding the indictment.—*Ellsberry v. The State,* 52 Ala. 8; *Hubbard v. The State,* 72 Ala. 166. The court properly permitted the introduction of the revenue license.—Sec. 22½. p. 63.

WALKER, P. J.—The indictment in this case charged that the defendant "sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous or malt liquor, contrary to law," etc. On the trial of such a charge the statute (Acts 1909, p. 84, § 22½) makes it "competent to prove that the party charged has for the place and period of time involved paid a wholesale or retail dealer's * * * special United States internal revenue tax, according as the charge may be." Under this statute it was permissible to receive in evidence a United States internal revenue collector's receipt for the special tax on the

[Roden v. The State.]

business of retail liquor dealer for the place and period involved in the charge, issued to the defendant, and found in his place of business.

This evidence was not rendered inadmissibly by the fact that the prosecution had offered evidence tending to show a gift of whiskey by the defendant, as the indictment would sustain a conviction of either a gift or a sale.

The suggestion that there was a lack of evidence to show that the offense was committed within the year immediately preceding the date of the finding of the indictment cannot be sustained. The indictment was filed on the 11th day of April, 1910. The trial took place at the same term of the court. The incidents at the defendant's place of business which were testified about by the witnesses for the prosecution were referred to by them as having occurred just before the Marshall county primary election in March. The United States internal revenue collector's receipt to the defendant, which evidence tended to show was found in his place of business on the same occasion, bore date March 2, 1910, and was for the months of March, April, May, and June of that year. This evidence would support an inference that the acts of the defendant which were testified about occurred in March, 1910.

The court was not in error in refusing to give the general affirmative charge in favor of the defendant, which was requested in his behalf.

Affirmed.