# Cheshire v. The State.

*False Pretense.*

(Decided February 3, 1914. 64 South. 544.)

1. *False Pretense; Evidence.*—It is not necessary or essential to
a conviction for obtaining money under false pretenses that the
state should show that defendant obtained the exact amount of
money mentioned in the indictment.

2. *Charge of Court; Directing Verdict.*—Where there was evidence
tending to establish the charge made in the indictment, the court
could not properly direct a verdict of acquittal.

[Cheshire v. The State.]

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

Ed Cheshire was convicted of obtaining money under false pretences, and he appeals. Affirmed.

Charge 1 is the general affirmative charge.

Charge 5: "If all the evidence in the case considered together fails to convince you beyond all reasonable doubt that defendant received from J. S. Dunn $80, and that this $80 was obtained from said Dunn by reason of defendant's fraudulent representation as to the title of the oxen, it is your duty to acquit defendant."

D. A. BAKER, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—Of several rulings which the record presents for review, it is not deemed necessary to say more than that obviously in none of them was there any error.

Written charge 5 requested by the defendant was properly refused, as, for the state to sustain the charge made by the indictment, it was not required to prove that the defendant in the manner alleged obtained the exact amount of money mentioned in the indictment; the averment of amount not being of an essential ingredient of the offense charged.—*Hope v. State*, 5 Ala. App. 123, 59 South. 326; *Davis v. State*, 3 Ala. App. 71, 57 South. 493.

As there was evidence tending to prove the charge made in the indictment, written charge 1 requested by the defendant was properly refused.

Affirmed.