[Stadt v. The State.]

# Stadt v. The State.

## Violating Prohibition Law.

(Decided May 11, 1915. Rehearing denied June 1, 1915.
69 South. 254.)

1. *Criminal Law; Former Jeopardy; Plea.*—A plea alleging that for the same or substantially the same offense alleged to have been committed on the same date, and testified to by the same witnesses, on an indictment charging the same offense, defendant was put on trial in a court of competent jurisdiction, and a jury selected, empaneled and sworn to try him on the charge, was demurrable under the provisions of section 7314, Code 1907.

2. *Appeal and Error; Harmless Error; Pleading.*—Where defendant on the trial had the full benefit of the matters set up in the plea under another plea setting out more fully such matters, any error in sustaining demurrer to the plea was harmless.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

O. E. Stadt was convicted of violating the prohibition law, and he appeals. Affirmed.

Plea 2 sets up in brief that for the same or substantially the same offense alleged to have been committed on the same date, and testified to by the same witness, on an indictment charging the same offense, this defendant was put upon trial in a court of competent jurisdiction, and a jury was selected, impaneled, and sworn to try him upon said charge. Plea 3 alleges, in addition to the above facts, that the jury is now out deliberating upon the issue in said case; said plea also setting out a copy of the indictment for a violation of the prohibition law.

ERLE PETTUS, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

THOMAS, J.—The defendant was tried and convicted upon a charge of selling unlawfully spirituous, vinous, or malt liquors. He pleaded to the indictment the general issue and two special pleas of former jeopardy, numbered, respectively, 2 and 3, to each of which latter the solicitor filed a demurrer. The court sustained it as to the second plea, but overruled it as to the third, and upon the trial of the issue presented by this plea (plea third), as well as upon the trial of the issue presented by the plea of the general issue, the jury returned a verdict against the defendant and in favor of the state.

(1, 2) The defendant now complains that the court erred in sustaining the demurrer to his said plea numbered 2. We are not of this opinion (*Gordon v. State,* 71 Ala. 315; *Baysinger v. State,* 77 Ala. 60; Code, § 7314; *Andrews v. State,* 174 Ala. 11, 56 South. 998, Ann. Cas. 1914B, 760; 1 Mayf. Dig. 491, § 4), but, if we were, it would not result in a reversal of the judgment, because it appears that the defendant on the trial got the full benefit of the matters set up in this plea under his said third plea, wherein he more fully set out the alleged jeopardy (*Milligan v. Pollard,* 112 Ala. 465, 20 South. 620; *Calhoun v. Hannan,* 87 Ala. 277, 6 South. 291; *Gilman v. Jones,* 87 Ala. 691, 5 South. 785, 7 South. 48, 4 L. R. A. 113).

There are no other questions reserved for review in the record, except a few rulings of the trial court on the admission and rejection of evidence. As to the correctness of these rulings there is so little room for controversy that they are not discussed in brief, and we deem it unnecessary to discuss them here, especially since they present no question either new, novel, or doubtful.

Affirmed.