# Gibson v. The State.

### Violating Prohibition Law.

(Decided August 1, 1916. 72 South. 569.)

1. **Indictment and Information; Abatement; Another Charge Pending.**— It is not a good plea in abatement to an indictment upon which a defendant is being tried that there is another charge pending against defendant for the same offense.

2. **Criminal Law; Former Jeopardy; Identity of Offenses.**—A plea of former acquittal of the same offense in another county shows on its face a transaction occurring in another county, and hence, is demurrable as showing an acquittal of an offense other than that charged in the indictment.

3. **Intoxicating Liquors; Evidence; Federal License.**—In a trial for violating the prohibition law, it is competent for a witness to testify that defendant exhibited, when his place was being searched, a Federal liquor license issued to him, since § 12, Acts 1909, p. 81, makes such a license prima facie evidence in such a case.

4. **Same.**—The refusal to charge that the mere having of a Federal liquor license in one's possession or custody, where no liquors were found is not a prima facie case, was proper, since it did not state a correct proposition of law, and was misleading.

[Gibson v. The State.]

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

E. M. Gibson was convicted of violating the prohibition law, and he appeals. Affirmed.

Charge 3 is as follows: The mere having of a liquor license in one's possession or custody where no liquors are found is not a prima facie case.

PEEBLES & PHILLIPS, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, J.— (1, 2) The defendant was indicted by a grand jury of the circuit court of Walker county for a violation of the prohibition laws in that county, and was tried and found guilty. Three special pleas were filed by the defendant, to which demurrers were sustained. One of these special pleas alleged that before the beginning of this prosecution against him he was arrested on a charge for "the same offense" in Jefferson county, and that said case is still undisposed of and pending in the criminal court of Jefferson county. The second plea alleged that the defendant had been acquitted of "the same offense" in a mayor's court of Jefferson county, and the third plea set up that there was a case pending against the defendant for "the same offense" in the Birmingham court of common pleas. The demurrers interposed by the state to each of these pleas were properly sustained by the court. It is not a good plea in abatement to an indictment upon which a defendant is being tried that there is another charge pending against the defendant for the same offense.—*Bell v. State*, 115 Ala. 25, 37, 22 South. 526. The charge in the indictment upon which the defendant was on trial charged a violation of law in Walker county; each of the three pleas in abatement set up a proceeding against the defendant for the commission of a similar offense in Jefferson county. A plea in abatement setting up a former acquittal or conviction should show positively the former case pleaded to be identically the same transaction as that with which the defendant is presently charged, and failing in this, is not sufficient, and is subject to demurrer on that ground.—*Stadt v. State*, 13 Ala. App. 275, 69 South. 254; *Huckabee v. State*, 168 Ala. 27, 53 South. 251. The pleas on their face showed that the transaction sought to be

pleaded in abatement as a bar to the prosecution was a violation of the prohibition laws that took place in Jefferson county, while this indictment, to which the pleas were interposed, charges a violation of the prohibition laws occurring in Walker county— necessarily a different transaction. See *Huckabee v. State, supra.*

(3) There was no error in permitting the witness Gray to testify to the defendant having exhibited a United States internal revenue license issued to him when the place was being searched. —Acts 1909, p. 81, § 22½.

We find no error in the record.

Affirmed.