(82 South. 645)

EVANS v. STATE. (8 Div. 647.)

(Court of Appeals of Alabama. June 30, 1919.)

1. INDICTMENT AND INFORMATION ⊕⇒137(2)— GROUNDS FOR QUASHING — SELECTION OF GRAND JURORS.

Where after remandment of case to circuit court defendant was reindicted by a grand jury drawn from the jury box, containing names only of persons qualified to serve as jurors in the Guntersville district of the circuit court of Marshall county, court did not err in denying a motion to quash the indictment on the ground that a grand jury so drawn was illegal.

2. WITNESSES ⊕⇒329—CROSS-EXAMINATION— IMMATERIAL MATTER.

The court may permit the state, on cross-examination of a witness in a criminal prosecution, to inquire into irrelevant and immaterial matter for the purpose of testing the witness' memory, sincerity, etc.

3. CRIMINAL LAW ⊕⇒720(9)—ARGUMENT OF STATE COUNSEL.

In a prosecution for murder, defendant claiming to have killed deceased by reason of the latter having rendered his daughter pregnant, and state having offered testimony tending to show that letters adduced by the defendant as being written by the deceased to daughter were not in the handwriting of deceased, it was not improper or objectionable for the solicitor in argument to state his conclusion or deduction that the letters, when he first examined them, appeared to be in the handwriting of a girl.

4. HOMICIDE ⊕⇒336—HARMLESS ERROR—ARGUMENT OF PROSECUTING ATTORNEY.

Permitting state's attorney to argue certain matters for the purpose of influencing the jury

to inflict the death penalty, if improper, was harmless, where the jury returned a verdict of murder in the second degree.

5. CRIMINAL LAW ⬤⇒829(1)—INSTRUCTIONS—REVERSAL.

Court did not err in refusing requested instructions covered by given instructions.

6. CRIMINAL LAW ⬤⇒807(1)—INSTRUCTIONS—ARGUMENTATIVENESS.

An instruction *held* properly refused as argumentative.

7. HOMICIDE ⬤⇒181 — PROVOCATION — MATERIALITY OF EVIDENCE.

In a homicide case, defendant claiming that deceased had rendered his daughter pregnant, and that he killed him on being told thereof, the fact that the daughter, prior to first having intercourse with deceased, had been treated for a venereal disease, was not material.

8. HOMICIDE ⬤⇒309(1)—REQUESTED INSTRUCTIONS—REFUSAL.

In a homicide case, a requested instruction *held* properly refused because it tended to inculcate the idea that a reasonable doubt as to the higher degrees of homicide—murder in the first and second degrees—arising outside and without consideration of all the evidence, would justify a verdict of manslaughter.

9. CRIMINAL LAW ⬤⇒782(1)—REQUESTED INSTRUCTIONS—REFUSAL.

A requested charge pretermitting consideration by the jury of all the evidence was properly refused.

10. CRIMINAL LAW ⬤⇒761(4) — TRIAL — INSTRUCTIONS.

In a homicide case, a requested charge asserting that "hot-blood sudden passion, brought about by previous threats, wrongs, injuries, coupled with the present demonstration, indicative of the purpose of carrying out such threats," etc., was properly refused as being invasive of the province of the jury; having a tendency to convey the idea that the evidence showed without dispute that such demonstration was made by deceased.

11. HOMICIDE ⬤⇒300(13)—SELF-DEFENSE—INSTRUCTIONS.

An instruction on self-defense, which pretermitted defendant's freedom from fault, was properly refused.

12. CRIMINAL LAW ⬤⇒809—REQUESTED INSTRUCTION—REFUSAL.

A requested instruction, which was involved and calculated to confuse, was properly refused.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Henry Evans was convicted of murder in the second degree, and he appeals. Affirmed.

The following charges were refused the defendant:

30. The court charges the jury that, while the testimony of Dr. Thomason as to his treatment of the female witness in the case is admissible in evidence, yet it is the duty of the jury to waive this, in the light of its variance, if any, from his testimony in a former trial, in connection with all the other evidence in the case, in determining what effect you will give such evidence.

31. If you have a reasonable doubt as to whether this killing was done deliberately or as to whether it was done premeditatively, then you cannot find the defendant guilty of murder in the first degree; and if you have a reasonable doubt as to whether the killing was done in malice, then you cannot find the defendant guilty in either degree, but only of manslaughter at the most; and if you have a reasonable doubt as to the defendant's guilt of manslaughter, arising out of any part of the evidence, then you should find the defendant not guilty of any offense.

34. Same as 31.

36. The court charges the jury that hot-blood sudden passion, brought about or provoked by previous threats, wrongs, injuries, coupled with the present demonstration, indicative of the purpose of carrying out such threats, may reduce a killing, which would otherwise be murder in the first or second degree, to manslaughter in the first degree.

43. If John Beard, the deceased, had made threats against the life of the defendant, and these threats had been recently communicated to defendant, and if there was an unfriendly feeling on the part of said John Beard for the defendant, and if the defendant knew these things and was suddenly confronted by the said John Beard in company with his father, and if Beard made any movement or acted in such way as to reasonably and honestly impress the defendant with a reasonable and honest belief that the said John Beard was then about to secure a gun or pistol and shoot the defendant, and if the defendant was without fault then and there in provoking such conduct or acts on the part of John Beard, and if the circumstances and conditions then surrounding the defendant were such that the defendant could not escape from such danger or apparent danger, or were such as to and did honestly and reasonably impress the defendant with such belief, and for the purpose of protecting himself he shot and killed John Beard, he would not be guilty of any offense.

47. The court charges the jury that it is not the law that if after a sudden provocation has been given, to arouse what is known to the law as a sudden passion, the party in whom such passion is aroused has time to think, the act of killing cannot be reduced to manslaughter.

John A. Lusk & Sons, of Guntersville, for appellant.

J. Q. Smith, Atty. Gen., and Richard V. Evans, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] This is the second appeal in this case. Evans v. State (Sup.) 79 South. 240.[1] After remandment of the case to the trial court, the defendant was reindicted by a grand jury drawn from the jury box, containing only the names of persons qualified to

---

serve as jurors in the Guntersville district of the circuit court of Marshall county, and on the trial, by motion to quash and plea in abatement, the defendant insisted that a grand jury so drawn was illegal and the indictment should be quashed. The motion to quash was denied and the plea in abatement overruled by the court, and the defendant now insists that these rulings constitute prejudicial error. This question was ruled against the contention of appellant in the recent case of Chambers v. State, post, p. 148, 84 South. 638.

[2] On the first trial, the state was allowed, over the defendant's objection, to show by Doctor Thomason that in 1908 or 1909 he had treated the defendant's daughter for gonorrhea; and although this fact was not known to the defendant, the ruling of the court was justified by the fact that the daughter, testifying in defendant's behalf, had "stated that she had never indulged in sexual intercourse with any one other than deceased." And the testimony of Doctor Thomason was "clearly relevant as tending to contradict her statement that she was innocent of sexual indulgence * * * prior to her intimacy with deceased." Evans v. State, supra. On the last trial, while the defendant's daughter testified as a witness, she gave no such testimony, and the fact that she had been treated by five physicians within three years next before the trial, or had obtained medicine from this number of physicians, was not material. However, the court's permitting the solicitor, on cross-examination of the witness Mattie Evans, to inquire into irrelevant and immaterial matter, was permissible for the purpose of testing her memory, sincerity, etc. Cox v. State, 162 Ala. 66, 50 South. 398.

[3, 4] The state offered testimony tending to show that the letters adduced by the defendant as being written by the deceased to the defendant's daugther were not in the handwriting of the deceased, and it was not improper or objectionable for the solicitor in argument to state his conclusions or deduction that the letters, when he first examined them, appeared to be in the handwriting of a girl. Cross v. State, 68 Ala. 478. The other portion of the argument to which an exception was reserved was undoubtedly used by the solicitor to influence the jury to inflict the death penalty for the offense, and was not objectionable. Childress v. State, 86 Ala. 77, 5 South. 775. Moreover, in view of the verdict returned by the jury, if it could be said that the ruling of the court was erroneous, it was clearly innocuous.

[5] Charges 28 and 29, refused to the defendant, were covered by given charges 2, 8, 12, and 15. Turner v. State, 11 Ala. App. 1, 65 South. 719; Henderson v. State, 11 Ala. App. 37, 65 South. 721.

[6, 7] Charge 30, refused to defendant, is argumentative, and, as we have shown, the facts testified to by Doctor Thomason were not material.

[8] Charge 31, refused to the defendant, as worded, had a tendency to inculcate the idea that a reasonable doubt as to the higher degrees of homicide—murder in the first and second degrees—arising outside, and without consideration, of all the evidence, would justify a verdict of manslaughter, and was properly refused. Buckhanon v. State, 12 Ala. App. 36, 67 South. 718; McClain v. State, 182 Ala. 81, 62 South. 241.

|9| Refused charge 34 pretermits consideration by the jury of all the evidence, and was subject to the same objection as charge 31.

[10] Refused charge 36, by asserting that "hot-blood sudden passion, brought about by previous threats, wrongs, injuries, coupled with the present demonstration, indicative of the purpose of carrying out such threats," etc., has a tendency to convey the idea that the evidence showed without dispute that such demonstration was made by the deceased, and was therefore invasive of the province of the jury.

[11,12] Charge 42, refused to the defendant, was covered by given charge 3. Charge 43, refused to the defendant, pretermits his freedom from fault. Charge 44 was covered by given charges 2, 8, and 12. Refused charge 46 is covered by given charges 22 and 23. Refused charge 47 is involved and was calculated to confuse, and was for this reason properly refused. The other charges refused to the defendant are not insisted upon in the argument and brief, and we find no reversible error in their refusal.

This disposes of all questions argued. We find no reversible error in the record.

Affirmed.