### WOOLEY v. STATE.   (I Div. 578.)

(Court of Appeals of Alabama.   Nov. 18, 1924.)

1. Criminal law ⬅️292(2)—Requisites of plea of former conviction stated.

Plea of former conviction should allege in full indictment on former trial and conviction under it, averring identity of defendant, offense, and subject-matter and transaction, in view of Code 1907, § 7574, form 5.

2. Criminal law ⬅️292(2) — Plea of former conviction held insufficient.

Plea alleging that defendant had previously been convicted on an indictment charging him with "the offense set forth * * * in the indictment in this cause," did not show the offense was based on the same matters and transactions, and was demurrable.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Ollie Wooley was convicted of violating the prohibition law, and he appeals. Affirmed.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

FOSTER, J. The defendant was charged in the indictment with selling or keeping for sale spirituous, vinous, or malt liquors.

A plea of former conviction was interposed, averring that the defendant had "heretofore, on, to wit, the 8th day of March, 1923, been convicted in the circuit court of Mobile county, Ala., on an indictment charging him with the offense set forth and embraced in the indictment in this cause." There was demurrer to the plea on the grounds: (1) That it failed to allege that the offense charged in the former proceeding was the same as the one of which defendant is charged in this case; (2) that it does not show that the offense charged in this proceeding is the same offense for which the defendant has already been convicted; (3 and 4) that it is not shown that the offense in the former proceeding was based upon the same state of facts as the offense charged in the present prosecution.

[1, 2] A plea of former conviction should set out in full the indictment on which the former trial was had and the conviction under it. It must aver the identity of the defendant with the person formerly prosecuted, and the identity of the offense charged in the first with that in the indictment, that the offense charged in the former was based upon and is of the same matters and transactions as alleged in the indictment of which he is now charged. Black v. State, 123 Ala. 78, 26 So. 340; Henry v. State, 33 Ala. 389; form 5, section 7574, Code 1907. The plea failed to show that the offense charged in the former indictment was based opon the same matters and transactions alleged in the indictment of which he is now charged. The demurrer to the plea was properly sustained. There is no bill of exceptions.

The record is free from error.

The judgment is affirmed.

Affirmed.