(108 So. 86)

## CHRISTIAN v. STATE.   (6 Div. 834.)

(Court of Appeals of Alabama.   Feb. 22, 1926. Rehearing Denied April 6, 1926.)

1. Criminal law ⟨key⟩165, 195(1)—To sustain plea of former jeopardy, offense for which accused was first tried must have been identical, to common intent, with subsequent charge, and there must have been verdict or unauthorized withdrawal of. case from jury.

To sustain plea of former jeopardy against appropriate demurrer, offense for which accused was first tried must have been identical, to common intent, with subsequent charge, and there must have been verdict or unauthorized withdrawal of case from jury.

2. Criminal law ⟨key⟩292(2).

In pleading former jeopardy, record of first indictment or charge should be set out in full.

3. Criminal law ⟨key⟩695(2).

General objections *held* properly overruled, where testimony was legal and competent.

4. Criminal law ⟨key⟩753(2).

Refusal of requested affirmative instruction *held* not error, where evidence as to sole issuable fact was in sharp conflict.

5. Criminal law ⟨key⟩822(1).

Court's oral charge must be considered as a whole.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

H. C. Christian was convicted of possession of whisky, and he appeals.   Affirmed.

Pinkney Scott, of Bessemer, for appellant.

It was error to sustain demurrer to the plea of former acquittal. Andrews v. State, 56 So. 998, 174 Ala. 15. Counsel argues for error in other rulings, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The plea of former acquittal fails to set out the facts, and was subject to demurrer. Mitchell v. State, 80 So. 730, 16 Ala. App. 635. The affirmative charge was correctly refused. Pellum v. State, 8 So. 83, 89 Ala. 28.

RICE, J.   Appellant was convicted of the offense of violating the Prohibition Laws by having whisky in his possession.

The identical question raised by defendant's plea in abatement is decided adversely to him in Dabbs v. State, 104 So. 684, 20 Ala. App. 638.

[1, 2] In order to sustain a plea of former jeopardy against appropriate demurrer, it must appear with certainty that the offense for which the defendant was first tried was identical, to a common intent, with the charge in the second indictment, and that there was a verdict of a jury, or an unauthorized withdrawal of the case from the jury, and it would appear essential that the record of the first indictment or charge should be set out in full. Defendant's second plea did not measure up to this test, and the state's demurrer thereto was properly sustained. Henry v. State, 33 Ala. 389; Mitchell v. State, 80 So. 730, 16 Ala. App. 635.

[3] Appellant lived in a house on a road some 150 feet in front of a small lake. In this lake, buried in the muck of an island therein, the state's witnesses, officers of the law, found some jugs of whisky, and on the island some empty containers which had previously contained whisky On the back porch of appellant's house they found a pair of "hip" or "wading" boots on which there was mud or muck of the sort found in the lake.   About the appellant's premises they found a quantity of empty bottles and jugs. These officers testified that the water of the lake averaged 20 feet across, that the lake was a part of appellant's backyard, and under the same fence. Some objections were interposed to questions eliciting this evidence, but they were general objections and, the testimony called for being legal and competent,

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

were properly overruled. Hall v. State. 96 So. 644, 19 Ala. App. 229. Appellant denied ownership of the boots; ·denied that the lake was within his fence, or on his premises; and denied any knowledge of, or control over, the whisky.

[4] The sole issuable fact was the possession of the liquor. The adversary evidence was in sharp conflict, making a question for the jury. There was hence no error in refusing the affirmative instruction requested by the appellant.

[5] Other refused charges are so patently bad as to require no separate treatment. The same is true of the exception to a part of the court's oral charge. Taken as a whole, as it must be, the said oral charge fully, fairly, and explicitly instructed upon every phase of the case.

We find nowhere any prejudicial error, and the judgment is affirmed.

Affirmed.