186 So. 588

### BYNUM v. STATE.

#### 8 Div. 713.

Court of Appeals of Alabama.

Feb. 7, 1939.

W. L. Almon, of Florence, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

SAMFORD, Judge.

The defendant was charged by affidavit with having in his possession, illegally, prohibited liquors, contrary to law. Upon

this affidavit warrant was issued returnable to the Lawrence County Court.

On the trial the defendant interposed a plea of autrefois acquit; that is, on the 19th day of August, 1936, in the Circuit Court of Lawrence County, Alabama, in Equity, he was charged and put upon trial under original bill of complaint, charging him with transporting prohibited liquors, the style of the case being "State of Alabama, Complainant, vs. Emmitt Bynum, et al." A certified copy of said original bill of complaint was attached to the plea and made a part thereof. To this plea the State interposed proper demurrer.

The exhibit to the defendant's plea in this case discloses that the procceding was against Emmitt Bynum and one Chevrolet Standard automobile, Motor Number M 5424542. The prayer of the bill was for a condemnation of the automobile and a sale thereof, in that said automobile had been used in the transportation of prohibited liquors. The decree of the court found that the automobile was not subject to confiscation, basing its decision on the case of Kelley v. State, 219 Ala. 415, 122 So. 638.

The bill of complaint and the decree of the court disclose that the proceedings were entirely different from the prosecution in this case, and the trial court properly sustained the demurrer.

To sustain a plea of former jeopardy, the offense, for which accused was first tried, must be identical, to common intent, with subsequent charge, and there must have been a verdict or unauthorized withdrawal of case from jury. Christian v. State, 21 Ala.App. 324, 108 So. 86.

The only question of merit is the refusal of the court to give at the request of the defendant the general affirmative charge. The facts testified to by the officers who found the prohibited liquors in the automobile justified the jury in finding that the automobile and its contents were in the possession of the defendant, and that he had a guilty knowledge of the presence of the two gallons of whiskey in the automobile.

We have examined this record and find no error of a reversible nature.

The judgment is affirmed.

Affirmed.