196 So. 151

**JOHNSON v. STATE.**

8 Div. 933.

Court of Appeals of Alabama.

March 12, 1940.

Rehearing Denied March 26, 1940.

Wm. Stell, of Russellville, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen,· Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Defendant below, appellant here, was charged with, having sold, or having in possession illegally, or did give, barter, exchange, receive, deliver, carry or ship prohibited liquors, contrary to law, in said county, within twelve months before making this affidavit, against the peace and dignity of the State of Alabama.

The trial was had by the court without a jury, no demand having been made in writing for trial by jury.

The judgment entry recites, among other things, the following: "March 4, 1939, comes the State of Alabama by its Solicitor, W. H. Key, Jr. who prosecutes for the State, and comes also the Defendant in his own proper person and by his attorney, William Stell. And the Defendant being duly and legally arraigned in open Court upon said charge refuses to plead, and stands mute, and the Court enters a plea of not guilty for the Defendant. And the issue being joined by the Court between the State and the Defendant upon the Defendant's plea of not guilty entered for him by the Court."

The trial resulted in the conviction of appellant and judgment of conviction was duly pronounced and entered from which this appeal was taken. Incidents of the trial, as shown by the record, were unusual, and probably without precedent.

It is insisted here that the trial throughout was illegal, in that, no issue was joined, as the defendant upon arraignment stood mute, and refused to plead. This insistence is wholly without merit, it affirmatively appearing, in this connection, that upon the defendant's refusal to plead, the court, acting under the provisions of Section 5195 of the Code 1923, caused the plea of not guilty to be entered for him. Said section is as follows: "If a defendant, when arraigned, refuses or neglects to plead, or stands mute, the court must cause the plea of not guilty to be entered for him." As stated, the record proper, supra, shows all that is necessary to support a conviction. These are matters that must be shown by the record proper, and not by the bill of exceptions; therefore if the recitals of the record proper, and those of the bill of exceptions differ as to this matter, the recitals of the record must control. Moreover, it also affirmatively appears that the trial was entered upon and proceeded regularly, the State offered its witnesses who were duly examined, and subjected to cross-examination by the defendant; and, after the State closed its case, the defendant proceeded regularly to offer evidence in his own behalf.

The Law and Equity Court for Franklin County, the court from the judg-

ment of which this appeal was taken, was established by the Legislature of Alabama, under an Act, approved September 28, 1923. Under Section 28 of said Act, Local Acts of Alabama 1923, p. 278, the judge of said court is invested with the authority to secure the services of a competent shorthand writer to attend the sittings and terms of the court to report all cases tried therein, etc. In the instant case the record discloses that the trial court in appointing a court reporter in this case acted within the power and authority conferred upon the court by the section of the Act, supra, therefore the objections interposed by defendant were not in point, and bordered upon the frivolous. A court reporter is termed an officer of the court, but in no manner can a reporter add to or detract from the jurisdiction of the court to try and determine cases. His duties may be termed a convenience, but in no sense is a court reporter an indispensable adjunct of the court nor is the jurisdiction of the court dependent in any manner upon the court reporter.

On the trial of this case there is no conflict in the evidence to the effect that the searching officers found hidden in a cache behind the tiling in a bath room of defendant's home 25 pints of whiskey and gin. In addition thereto a pint bottle about half full of whiskey was found in the basement garage of defendant's home, which defendant testified he used as a work shop. All the whiskey found in defendant's home bore the Alabama State Tax Stamp; and the defendant who was present during the search and when the whiskey was found, testified that it was his whiskey and that he had bought it from the State Whiskey Store in Tuscumbia, Alabama.

This court judicially knows that Franklin County, Alabama, is a "dry" county, and that the State prohibition laws are in full force and effect in said county. While it was unnecessary so to do, the State also offered evidence to the effect that Franklin County, Alabama, in which the home of defendant was situated, is a dry county.

Whatever doubt or speculation as to the possession of legally acquired intoxicating liquors in a dry county which may have formerly existed has been definitely dispelled and clarified by the appellate courts in recent decisions. Possession, or other traffic in intoxicating liquors,

however acquired, in a dry county is unlawful. Williams v. State, 28 Ala.App. 73, 179 So. 915; Nerland v. State, 28 Ala.App. 137, 179 So. 921. By the defendant's own testimony, the defendant was guilty, and the court properly so adjudged. The defendant denied knowledge, and ownership, of the whiskey found in his work room in the basement of his home. That particular bottle was found by another of the officers during the same search of defendant's home; and able counsel for appellant moved that the State should be required to elect as to which offense it would seek a conviction. The court properly ruled adversely to defendant. But one conviction could be had upon the complaint, and but one possession was shown by the evidence. Holland v. State, 21 Ala.App. 520, 109 So. 885; Green v. State, 22 Ala.App. 536, 117 So. 607.

The insistence by appellant that the punishment fixed by the court was wrong and excessive and manifested the prejudice of the trial court in dealing with this case is dehors the record. The punishment fixed was within the limits fixed by statute, and the court may not be put in error where such fact appears.

The motion for new trial was properly overruled.

Affirmed.