55 So.2d 368

### KINCEY v. STATE.

4 Div. 190.

Court of Appeals of Alabama.

Nov. 27, 1951.

J. N. Mullins, Dothan, for appellant.

Si Garrett, Atty. Gen., L. E. Barton, Asst. Atty. Gen., and Chas. C. Carlton, Montgomery, of counsel, for the State.

CARR, Presiding Judge.

In the circuit court the accused was indicted and convicted of assault with intent to murder. Without dispute in the evidence he shot A. D. Daniels with a pistol. The bullet entered the left lower jaw, and, according to the testimony of the attending physician, the nature of the wound was such that it was calculated to cause death.

The affray occurred at a place where intoxicating liquors were sold, and it appears that excessive consumption of intoxicants had its part in bringing about the difficulty.

The justification for the assault centers around the doctrine of self-defense, which the accused claimed.

The factual issues in this aspect are in dispute.

There was no request for the general affirmative charge in defendant's behalf. Neither did he file a motion for a new trial. In this state of the record we are not called upon to determine whether or not the evidence was sufficient to sustain the verdict. Holmes v. State, 35 Ala.App.

302

585, 50 So.2d 800; Commons v. State, ante, p. 85, 52 So.2d 415.

The only objection interposed during the progress of the introduction of the evidence was by appellant's counsel during the cross-examination of one of the defendant's witnesses.

The solicitor asked: "And it took place there with the pistol that he left home with that evening, didn't it?" Over general objections the court permitted the witness to answer in the affirmative.

 This related to an undisputed fact. The appellant testified that he carried his pistol with him from his home. Gettings v. State, 32 Ala.App. 644, 29 So.2d 677; Bankhead v. State, 33 Ala.App. 269, 32 So. 2d 814.

In the record, under the general heading "Refused Charges", there are set out two written instructions. Each of these contains the name of the trial judge, but neither bears his endorsement "refused". This endorsement must appear before we have authority to consider the charges. Kiker v. State, 233 Ala. 448, 172 So. 290; Garrett v. State, 35 Ala.App. 141, 44 So.2d 260; White v. State, 24 Ala.App. 575, 139 So. 113; Title 7, Sec. 273, Code 1940.

The record is free from error.

The judgment below is ordered affirmed.

Affirmed.