64 So.2d 115

**HOLLOWAY v. STATE.**

**2 Div. 834.**

Court of Appeals of Alabama.

Dec. 2, 1952.

Rehearing Denied March 3, 1953.

Archie I. Grubb, Eufaula, and J. Massey Edgar and Zack Rogers, Jr., Butler, for appellant.

98

Si Garrett, Atty. Gen., and Wm. H. Sanders, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

In the court below the accused was indicted and convicted on a charge of obtaining property by false pretenses. Title 14, Sec. 209, Code 1940.

The preliminary proceedings prior to the entry into the main trial came in the following order:

On March 14, 1951, at the arraignment of the defendant, he entered a plea of not guilty and the case was set for trial on the following April 25th.

On the last indicated date the appellant's attorney filed pleas of former jeopardy and autrefois convict. The solicitor did not raise any question about the belated filing of the pleas, but did file demurrers thereto. The court entertained the position posed by the demurrers and sustained them.

The appellant's counsel then filed "plea in abatement" and "plea to the jurisdiction."

The solicitor made a motion to strike the pleas because the plea to the merits had preceded. The court granted the motion. The trial judge then disallowed the filing of demurrers to the indictment.

 The general rule prevails that pleas of the character indicated above must be

filed before the plea to the merits. Unless done a waiver is imposed. Title 15, Sec. 279, Code 1940; Whitehead v. State, 206 Ala. 288, 90 So. 351; Wimbush v. State, 237 Ala. 153, 186 So. 145.

■ The same rule applies to the time of filing demurrers to the indictment. Underwood v. State, 248 Ala. 308, 27 So. 2d 492.

■ It follows that the action of the court in granting the motion to strike and his refusal to permit the demurrers to be filed were free from error.

On account of the indicated circumstances we do not think that the force of the rule reached or controlled the pleas of former jeopardy and autrefois convict.

■ The privilege to file the pleas in abatement after the interposition of the plea to the merits addressed itself to the sound discretion of the trial judge. Whitehead v. State, supra; Dunning v. State, 21 Ala.App. 318, 108 So. 82.

■ ■ We take the view that the action of the court in entertaining the demurrers to the pleas and entering a judgment indicating his ruling was tantamount to the exercise of his discretion in favor of permitting the belated filing of the pleas. This was the effect of the holding in Smith v. State, 142 Ala. 14, 39 So. 329. See also, Rush v. State, 253 Ala. 537, 45 So.2d 761.

In this state of the record we are put to the task of reviewing the action of the court in sustaining the demurrers to each of the pleas—of former jeopardy and autrefois convict. Both of these pleas follow substantially the code forms with the exception that the plea of former jeopardy does not set out in full or in substance the affidavit or complaint which was made the basis of the prosecution in the inferior court.

The code form requires this, and the authorities hold to the view that a failure in this respect makes the plea insufficient and defective. Black v. State, 123 Ala. 78, 26 So. 340; Wooley v. State, 20 Ala.App. 364, 101 So. 918; Hollis v. State, 123 Ala. 74,

26 So. 231; Cross v. State, 117 Ala. 73, 23 So. 784; Henry v. State, 33 Ala. 389; Foster v. State, 39 Ala. 229; Christian v. State, 21 Ala.App. 324, 108 So. 86.

■ The plea of autrefois convict does set out the affidavit filed in the inferior court, but this instrument discloses on its face that the prosecution was based on an entirely different transaction from the one upon which the instant indictment is predicated. Huckabee v. State, 168 Ala. 27, 53 So. 251; Gibson v. State, 15 Ala.App. 12, 72 So. 569.

The rulings in respect to these pleas were free from error.

The indictment was presented in open court on the 13th of March 1951. The writ of arrest was issued on the next day. The sheriff's return indicates that the indictee was arrested and committed to jail on the 17th of March 1951. There are likely mistakes in the entries of some of these dates.

Appellant's counsel points out that the accused could not have been arraigned on the 14th of March, since he was not arrested until the 17th.

At the hearing on the motion for a new trial an affidavit of one of appellant's attorneys was introduced. Therein it is stated that affiant appeared with the defendant at the time of arraignment and answered for him by stating that the defendant would plead not guilty but reserved the right to file proper pleading to the indictment and the offense.

■ The judgment entry recites that the defendant pleaded not guilty when he was arraigned. This necessary and proper recital in the judgment entry cannot be disregarded on appeal. Johnson v. State, 29 Ala.App. 276, 196 So. 151; Toney v. State, 15 Ala.App. 14, 72 So. 508.

The evidence is without dispute that the accused bought a carload of lumber from the prosecuting witness, Frank Gibson. In payment the appellant gave a check in the amount of $1,432.52, dated October 21, 1950. The bank refused to honor the check because of "insufficient funds."

The prime conflict in the evidence relates to the circumstances incident to the purchase and delivery of the lumber and the payment therefor.

Mr. Gibson testified that prior to the transaction of instant concern he had sold Mr. Holloway, the appellant, a considerable amount of lumber; that this business relationship was in every way satisfactory up to several weeks preceding the sale in question.

According to the testimony of the witness, during the period of time just indicated the checks given him by Mr. Holloway were not paid at the bank. On account of this situation he refused to extend further credit to the appellant and informed the latter that all future purchases of lumber must be on a cash basis.

With reference to the purchase of concern Mr. Gibson's testimony discloses the following:

"Q. I will ask you if he offered to buy some lumber from you? A. He did.

"Q. How much? A. Well, he was buying cars after cars along there. He was after a car of lumber.

"Q. He was after a car of lumber. When he asked you to sell him a car of lumber what did you tell him? A. I told him that we had done business and it had been a pleasure and we would have to have the money.

"Q. I will ask you whether or not he told you he had the money? A. He said he had the money. He said everything was fixed all right.

"Q. Did he tell you where he had that money? A. No, sir.

"Q. Relying on the fact that he told you he had the money, Frank, did you agree to sell him a carload of lumber? A. I did."

In this aspect the appellant testified:

"Q. Was there any difference in this time and the time you bought this carload of lumber here on October 18, 1950, was there any difference in that and any of the other transactions you had? A. There never was.

"Q. As a matter of fact, Mr. Holloway, was Mr. Frank Gibson himself present when you bought this particular carload of lumber on October 18, 1950? A. I don't think he was.

"Q. Do you know? A. I could not swear to it.

"Q. Who was present? A. His son Hubert.

"Q. Did anyone on that occasion, Mr. Holloway, tell you that they were not going to sell you this lumber unless you had the money in the bank and unless you gave them a check at that time? A. They never mentioned it.

"Q. They never mentioned it to you, are you positive of that? A. I am sure."

Mr. B. B. McWhorter, president of the bank on which the check was drawn, testified that on the 19th of October 1950 the appellant had to his credit in the bank a cash balance of $1,579.94; that on this day the bank refused payment of several checks; that if all payments had been made the appellant's account would have been overdrawn $9,060.52; that on October 21st the account was overdrawn $1,407.34; that appellant was in his bank practically every day and kept informed concerning the conditions of his account.

The point is pressed that if we take the evidence in its most favorable light for the prosecution it is not sufficiently potent to sustain the charge of obtaining property by false pretenses.

We do not think that it is necessary for us to attempt an elaborate discussion of the law relating to the offense denounced by the statute under which the indictment was drawn.

Generally speaking, the crime includes a false representation of an existing or past fact which deceives and which induces the person to whom the deception is

made to part with something of value. The falsity of the representation must be known to the accused and it must have been made with intent to defraud.

In other words, the offense consists of: (1) The pretense. (2) Its falsity. (3) Obtaining property by reason of the pretense. (4) Knowledge on the part of the accused of the falsity of the pretense. (5) Intent to defraud.

In the case of Young v. State, 155 Ala. 145, 46 So. 580, 581, the Supreme Court made this observation:

"And if a person should fraudulently represent a fact to be true, knowing at the time that it is not true, and resorts to the fraudulent representation to obtain money from another, and does so obtain it, he would be guilty of 'defrauding' another by 'deceitful means,' and we do not doubt he would be guilty of obtaining the money under false pretenses."

The case of Eaton v. State, 16 Ala.App. 405, 78 So. 321, 322, presents circumstances somewhat similar to those in the case at bar. In response to the review on appeal we held:

"The giving of the check, if given without an explanation to the contrary, was in and of itself a representation, symbol, or token that the defendant had money on deposit in the bank on which the check was drawn, and if this check was given with the intent to deceive the seller of the goods in this case, and he was thereby induced to part with the title to his property, and the symbol or token was false, and the seller was thereby deceived, the defendant was guilty. The jury by its verdict so determined, as it had the right to do, and we find no reason in the record for disturbing the judgment of conviction."

█ In reviewing the propriety of the refusal of the general affirmative charge in the defendant's behalf, we are required to consider the evidence in its most favorable light for the prosecution. McGee v. State, 36 Ala.App. 276, 55 So.2d 223;

Jones v. State, 33 Ala.App. 451, 34 So.2d 483.

The application of this rule to the evidence and pertinent law forces the conclusion that the appellant was not due the general affirmative charge.

The insistence is made that there is a variance in the indictment allegations and the proof. This is occasioned by the fact that the indictment states the amount of the check to be $1,423.52 and the proof shows the amount to be $1,432.52. There is also some slight variation relating to the allegation and proof of the number of feet of lumber sold to the appellant.

There is no merit in either of these insistences. Hope v. State, 5 Ala.App. 123, 59 So. 326; Cheshire v. State, 10 Ala.App. 139, 64 So. 544; Foote v. State, 16 Ala. App. 136, 75 So. 728.

█ There were a number of rulings of the court incident to the introduction of the evidence. After studious and careful consideration, we do not find any errors prejudicial to the rights of the accused in any of these rulings.

The prosecuting attorney in argument to the jury stated: "Mr. Holloway on a fraudulent representation that he had money in the First State Bank of Waynesboro, Mississippi to pay for this lumber induced Frank Gibson to let him have this lumber."

If this assertion was objectionable, it was because it was made as an opinion of counsel. Clearly the evidence supported the remarks.

While such argument may not be accepted as the best practice, our appellate courts have approved statements in form of instant concern when the evidence warranted the assertion. Hobbs v. State, 74 Ala. 39; Jones v. State, 209 Ala. 655, 96 So. 867; Provident Life & Accident Ins. Co. of Chattanooga, Tenn. v. Downey, 242 Ala. 482, 7 So.2d 17; Roden v. State, 3 Ala.App. 202, 58 So. 72; Newsum v. State, 10 Ala.App. 124, 65 So. 87; Langham v. State, 12 Ala.App. 46, 68 So. 504; Evans v. State, 17 Ala.App. 155, 82 So. 645; Key v. State, 22 Ala.App. 627, 118 So. 766;

Burge v. Forbes, 23 Ala.App. 67, 120 So. 577.

The solicitor made this statement also: "There are other transactions that may be prosecuted and which will be handled in a different manner."

Appellant's counsel objected to the statement and made a motion for a mistrial.

During the colloquy the prosecuting officer withdrew the statement. The court did not rule on the objections, but did overrule the motion for a mistrial.

As we have herein above indicated, the evidence disclosed that the appellant issued several checks which were not honored by the bank. The solicitor should not have made reference to other prosecutions which would likely follow. He withdrew the statement and appellant's counsel did not request the court to take any action to eradicate the impression from the mind of the jury.

In this state of the record we are called upon to review only the action of the court in denying the motion for a mistrial. We are not convinced that reversible error should be predicated on this account.

Written charge numbered, 7 which was refused to the defendant, is substantially an exactness of the language found in the body of the opinion in the case of Addington v. State, 16 Ala.App. 10, 74 So. 846. It was adopted as the law in the case of Eaton v. State, supra.

The mere fact that a tendered written instruction is copied from an opinion of an appellate court does not assure its acceptability. Britling Cafeteria Co. v. Irwin, 229 Ala. 687, 159 So. 228; Maxwell v. State, 32 Ala.App. 487, 27 So.2d 804.

The charge in question is not hypothesized on the evidence. It is merely a statement of a legal principle without any instruction as to the effect upon or application to the issues in the case. Edwards v. State, 205 Ala. 160, 87 So. 179; Johnson v. Louisville & N. R. Co., 220 Ala. 649, 127 So. 216; Thomas v. State, 34 Ala. App. 470, 41 So.2d 435.

Refused charges numbered 8 and 9 were substantially covered by the court's oral charge. Title 7, Sec. 273, Code 1940; Maxwell v. State, supra.

Charge numbered 11 is listed in the record under the heading "Defendant's Requested Charge No. 11", but there is no endorsement "Refused" with the name of the trial judge appearing thereon. The rule requires this endorsement, without which the appellate courts are not authorized to review the propriety of its refusal. Berry v. State, 231 Ala. 437, 165 So. 97; Kiker v. State, 233 Ala. 448, 172 So. 290; Garrett v. State, 35 Ala.App. 141, 44 So.2d 260; Kincey v. State, 36 Ala.App. 301, 55 So.2d 368.

It is our view that there is no reversible error in the record. The evidence amply supported the verdict of the jury. The action of the court in denying the motion for a new trial should not be disturbed.

The judgment below is ordered affirmed.

Affirmed.

### On Rehearing.

In oral argument and brief in support of the application for rehearing, appellant's attorney calls our attention specifically and directively to a factual situation which appears to be a basis for a reversal of the judgment below.

The indictment in pertinent part alleges that appellant "did falsely pretend to F. E. Gibson, who was doing business as Gibson Lumber Company, with intent to defraud the said F. E. Gibson, that he, the said W. E. Holloway, had the sum of $1,423.52 on deposit and in his account, or the account of Holloway Lumber Company, in the First State Bank of Waynesboro, Mississippi * * *."

The nearest approach the State made to prove this allegation is contained in the testimony of Mr. Gibson. This is quoted in our original opinion. It will be noted that the witness stated specifically that the appellant did not tell him where the latter had the money.

This proof was not sufficient to sustain the above quoted allegation of the indictment.

In the case of O'Connor v. State, 30 Ala. 9, the Supreme Court held that a representation or pretense by the accused "that he had in Macon, Georgia the sum of seven thousand dollars" was a material variance from a pretense "that he had seven dollars less than seven thousand dollars in a bank in Macon."

See also, Meek v. State, 117 Ala. 116, 23 So. 155; 35 C.J.S., False Pretenses, § 49 (b), p. 700.

We were aware of the insufficiency in the proof in this aspect when we prepared the original opinion. We relied on the doctrine expressed in the case of Eaton v. State, 16 Ala.App. 405, 78 So. 321, to sustain the judgment below.

The facts in the case at bar will not permit an application of the rule stated in the Eaton case.

The transaction or trade with reference to the purchase of the lumber was consummated on the 18th of October. The property was delivered to the appellant on this date and shipped by rail to a designated place. The check in question was not delivered to the vendor until three days later, October 21st. All of this appears without dispute in the evidence.

It follows that the giving of the check, with its symbol or token that the appellant had the money on deposit in the bank, was not the inducement which caused the Gibson Lumber Company to part with the lumber.

We conclude, therefore, that the State failed in its proof to sustain material allegations in the indictment and the defendant was due the general affirmative charge.

The application for rehearing is granted.

The judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.