# Badgett *v.* The State.

*Retailing Liquor Without License.*

(Decided Dec. 17, 1908. 48 South. 54.)

1. *Intoxicating Liquors; Sale; Penalty.*—Where a person is convicted of a violation of section 5476, Code 1896, the penalty prescribed for such offense should be assessed, and it is improper to assess the penalty provided by the prohibition law prevailing at such place.

2. *Same; Inconsistent Offenses.*—One may not be convicted of retailing liquor without license in violation of section 5476, Code 1896, in territory where prohibition prevails, since no license can be issued in such territory.

3. *Evidence; Judicial Notice; Local Law.*—The courts take judicial notice of local statutes and of the time of their taking effect. and that under a local law, prior to a particular date, prohibition was not in effect in towns or cities in that particular county, which have police regulation both by day and by night.

[Badgett v. The State.]

4. *Same; Municipalities.*—The courts take judicial knowledge of fact that a town is incorporated and the date of its incorporation, but not that such town has police regluation both by day and by night.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

Will Badgett was convicted of selling liquor without license, and appeals. Reversed and remanded.

The affidavit charges that "Will Badgett engaged in or carried on the business of a retail dealer in spirituous, vinous, or malt liquore, in the town of Brookside, of less than 1,000 inhabitants, without a license and contrary to law, against the peace and dignity," etc. The court adjudged that defendant was guilty as charged in the affidavit, and fixed his punishment at six months hard labor for the county, together with the costs in that behalf expended.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Assistant Attorney General, for the State. The affidavit was sufficient.—*Phillips v. The State,* 47 South. 245; *Moseley v. The State,* 47 South. 193.

DENSON, J.—The affidavit upon which the defendant was tried and convicted was sued out on the 29th day of February, 1908, and in terms charges a violation of the revenue statute (section 5476 of the Code of 1896). The case was tried in the criminal court of Jefferson county without a jury. There is no bill of exceptions in the record, but the judgment entry recites that "after hearing the evidence the court is satisfied that the defendant is guilty as charged in the affidavit."

The only punishment prescribed by the statute for the offense charged in the affidavit, and which the court could legally have imposed, was a fine of thrice the

amount of the license fee required to be paid for carrying on the business indicated; but it is manifest that the punishment here awarded by the court is that prescribed by the prohibition law which prevails in Jefferson county—a punishment wholly inappropriate upon conviction for the offense charged; and from this circumstance it might well be inferred that the defendant was really tried and convicted for violating the prohibition law. If prohibition was in force in the territory where the sale or sales were made, at the time they were made, then the affidavit charges no offense, for the reason that a license to carry on the business of a retail liquor dealer could not have been legally issued in a prohibition district; and if the evidence developed that the sale for which the defendant was convicted was made in a prohibition district, then he was entitled to his acquittal. —*Cost's Case*, 96 Ala. 60, 11 South. 435.

Courts take judicial knowledge of prohibition statutes; and we judicially know that general prohibition throughout Jefferson county became effective January 1, 1908, and that prior to that time it was not in force in towns or cities in that county having police regulations "both by day and night. Local Laws of Jefferson County, p. 724. We also judically know that Brookside—averred in the affidavit as the place where the offense was committed—is, and has been since February 18, 1897, an incorporated town; but we do not know whether it had or had not, at the time in question, police regulations "both by day and night," and therefore cannot have judicial cognizance that prohibition prevailed within its corporate limits prior to January, 1908, nor that license to carry on the business of retail liquor dealer, within such limits, could not be legally issued. If we possessed such knowledge, the law would require a reversal of the judgment of conviction and discharge of the prisoner, because the affidavit would be void.—*Cost's Case, supra.*

[Matthews v. Tenn. Coal Iron & R. R. Co.]

Not knowing whether or not prohibition prevailed in Brookside at the time the sale was made, and it appearing that the punishment awarded for the offiense charged (and of which the judgment entry recites the defendant was convicted) was imposed without authority of law, we can only reverse the judgment and remand the cause.

Reversed and remanded.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.