# Barney v. The State.

## *Larceny.*

(Decided January 18, 1912.   57 South. 598.)

1. *Criminal Law; Warrant; Return.*—Considering together sections 7348, Code 1907, Acts 1898-9, p. 186, it is held that a warrant issued for larceny more than sixty days after the commission of the offense in the county of Clay, was properly returnable to the county court of Clay county.

2. *Larceny; Custodian.*—The legal possession being in the true owner, a person merely having custody of goods may commit larceny thereof.

3. *Trial; Argument of Counsel.*—It was not reversible error to permit the solicitor to indulge in argument which was strictly in reply to argument used by defendant's counsel.

4. *Evidence; Judicial Notice; Location of Town.*—The courts judicially know that certain towns are located in particular counties.

5. *Appeal and Error; Verdict; Conclusiveness.*—In the absence of the sufficiency of the evidence to show venue being raised by instructions or otherwise, a verdict is conclusive of that question where there was some evidence tending to show venue.

6. *Charge of Court; Argumentative Instructions.*—Charges which are purely argumentative or asked as an answer to argument of counsel are refused without error.

APPEAL from Clay County Court.

Heard before Hon. E. J. GARRISON.

Len Barney was convicted of larceny, and he appeals. Affirmed.

It appears from the facts that on a Sunday morning in October, 1910, the defendant was working as a driver in the livery stable of J. B. Miller, and drove Mr. Kitchens from Ashland to Lineville; that Mr. Kitchens handed the overcoat to the negro upon his arrival at Lineville, with the request that he carry it to Kitchens' home in Ashland; that he agreed to do so, took the coat but did not deliver it; and that Kitchens had not seen the coat since that time. The evidence for defendant tend-

[Barney v. The State.]

ed to show the same state of facts, and, further, that the
defendant took the coat back to Miller's livery stable,
and hung it up in the office with directions to the office
man to deliver it to Mr. Kitchens, and that he had not
seen it since. In his remarks to the jury, the defend-
ant's attorney said: "Gentlemen of the jury, the de-
fendant in this case could not be guilty as charged. It
would only be a civil action, and Mr. Kitchens could
sue the defendant and thus get the value of the coat."
In his closing argument to the jury, the solicitor said:
"Now, as to the contention that this ought to be a civil
suit, as defendant's attorney urged, I do not agree with
him, and I don't believe one member of this jury be-
lieves Mr. Kitchens could ever get a penny by a civil
suit, even if he sued till he is gray."

O. B. CORNELIUS, for appellant. The case was one of
which the justice had jurisdiction, and he should not
have made the warrant returnable to the county court.
—*Jones v. The State,* 53 South. 286. If the defendant
had been brought before the justice, and the sixty day
statute had been pleaded, it would have been the duty
of the justice to have bound defendant over to await the
action of the grand jury.—*Ex parte Pruitt,* 99 Ala.
225. Charge 1 should have been given.—*Spivey v. The
State,* 26 Ala. 90; *Roundtree v. The State,* 58 Ala. 381;
*Beckham v. The State,* 14 South. 859. Not every con-
version is an embezzlement or larceny.—*Brewer v. The
State,* 3 South. 816 and authorities cited.

R. C. BRICKELL, Attorney General, and W. L. MAR-
TIN, Assistant Attorney General, for the State. The
warrant was not defective because made returnable to
the judge of the county court of Clay County. Strictly,
it should have been returned to the county court of

Clay County.—Acts 1898, p. 186, Sec. 25; *Smith v. State,* 165 Ala. 122; *Gray v. State,* 55 So. Rep. 441. It was within the province of the jury to say whether or not the defendant was guilty of larceny or embezzlement. If there existed in the defendant's mind at the time the coat was handed him an intent to take it, he was guilty of larceny; if the intent came to him afterwards, he was guilty of embezzlement. This was a question of fact.—*Levy v. State,* 79 Ala. 259; *Eggleston v. State,* 129 Ala. 80; *Verbery v. State,* 137 Ala. 73; *Thompson v. State,* 149 Ala. 37. The evidence showed that the offense occurred in Lineville. The court will take judicial knowledge that Lineville is in Clay County. If there is any evidence from which the jury could infer venue the question of the sufficiency thereof must be raised by a charge going directly thereto. It cannot be raised by the general charge.—*Ellsberry v. State,* 52 Ala. 8; *Tidwell v. State,* 70 Ala. 33; *Clark v. State,* 78 Ala. 474. The argument by the solicitor was only in reply to that of the attorney for the defendant and was not beyond legitimate bounds.—*Childress v. State,* 86 Ala. 77, 87.

DE GRAFFENRIED, J.—The prosecution in this case was commenced more than 60 days after the commission of the alleged offense. The affidavit was made before a justice of the peace, and as section 7348 of the Code provides that prosecutions before a justice of the peace for offenses within his jurisdiction, unless otherwise provided, must be commenced within 60 days after the commission of the offense, the justice made the warrant returnable to the county court of Clay county. In making the warrant returnable to the county court of Clay county, the justice of the peace complied with the law.—Acts 1898-99, p. 186; *Smith v. State,* 165 Ala. 122, 51 South. 602.

[Barney v. The State.]

The facts in the present case are, in so far as they relate to the question as to whether the defendant could legally be convicted of larceny, practically similar to the facts in the case of *Holbrook v. State*, 107 Ala. 154, 18 South. 109, 54 Am. St. Rep. 65, in which the Supreme Court held that the question of the defendant's guilt of larceny vel non was properly submitted to the jury. "It is a clear rule of law that, where a party has only the bare charge and custody of the goods of another, the legal possession remains in the owner; and the party in custody may be guilty of trespass and larceny in fraudulently converting the same to his own use."—*Oxford v. State*, 33 Ala. 416; Roscoe, Crim. Ev. 646; *Daniel Jackson v. State, infra,* 57 South. 110.

The remarks of the solicitor, to which exceptions were taken, were strictly in reply to remarks which were made by counsel for the accused in his argument to the jury. The court cannot, therefore, be put in error for permitting him to make the remarks which were objected to by the defendant.—*Childress v. State,* 86 Ala. 77, 5 South. 775.

The court takes judicial knowledge of the fact that Lineville and Ashland are both in Clay county. The coat was delivered to the defendant in Lineville, to be carried to Ashland, and there was evidence tending to show that the defendant had the coat in his possession in Ashland. There was, therefore, some evidence in the case tending to show that the offense was committed in Clay county. "There was some evidence showing that the offense was committed in Jefferson county. No instruction was given or requested in respect to its sufficiency. Without a decision by the circuit court, made the subject of an exception, and involving an inquiry into the sufficiency of the evidence, this court cannot

[Jackson v. The State.]

interfere."—*Clarke v. State,* 78 Ala. 474, 56 Am. St. Rep. 45; *Ragsdale v. State,* 134 Ala. 24, 32 South. 674.

4. A court cannot be put in error for refusing to give a charge requested simply as an argument or reply to some statement made by counsel in a case. Charge numbered 6 was requested as a reply to an argument of the solicitor in the case, and is, in fact, simply an argument, and the court cannot be put in error for refusing it.

There is no error in the record. The judgment of the court below is affirmed.

Affirmed.