## McGUIRE v. STATE.    (7 Div. 872.)

(Court of Appeals of Alabama.    March 6, 1923.)

**1. Indictment and information ⊜⇒72—Indictment for resisting arrest held not objectionable because of alternative designation of officer.**

An indictment charging accused in violation of Code 1907, § 7708, "knowingly and willfully opposed and resisted * * * a deputy or officer of said county in the lawful arrest" of another who was at the time in the actual commission of a public offense, *held* not demurrable, because of the alternative designation of the officer, it being sufficient to import that he was an officer authorized to make arrests.

**2. Obstructing justice ⊜⇒11—Requirements of indictment charging offense of resisting officer in arrest of another committing a crime stated.**

An indictment charging the offense of resisting an officer in making the arrest of another, who was engaged in the actual commission of a public offense, with as much particularity as that used in Code 1907, § 7161, form 92, prescribed/for use where the officer resisted is acting pursuant to a lawful writ or process, is sufficient, under section 7134, stating the requirements of an indictment.

**3. Criminal law ⊜⇒260(11)—Appellate court's duty as concerns review of evidence after conviction by court without jury stated.**

The duty imposed by Acts 1915, p. 939, § 3, on appellate courts to review convictions of a lower court sitting without a jury, without indulging in any presumption in favor of such lower court, is not an abrogation of the rule as to the weight to be accorded findings of fact by a trial court, but applies only where the opportunities of the appellate court to consider the evidence are the same as the trial court had, as in depositions.

**4. Criminal law ⊜⇒564(1)—Venue held insufficiently established.**

Under Code 1907, § 7140, proof of venue is jurisdictional, and without it a conviction cannot be sustained, and where it only appears that the offense charged happened "out at I——," and there is no showing as to the county or the jurisdiction of the court, jurisdiction is insufficiently shown.

**5. Criminal law ⊜⇒304(6, 9)—Courts judicially know location of incorporated town and charters or special statutes concerning it.**

Courts judicially know that an incorporated town is located in its certain county, and will take judicial notice of the charters of municipal corporations and special statutes conferring special powers upon incorporated or chartered municipalities.

**6. Obstructing justice ⊜⇒16—Showing held insufficient to sustain conviction for resisting officer attempting to arrest another.**

A showing that one was "cursing" and "cursing pretty loud," in the absence of any showing that a woman was present so as to make it an offense, under Code 1907, § 6217, and a showing that it was done in the presence of an officer authorized to make an arrest, all of which were material and which the state was under the burden of proving, *held* insufficient to sustain conviction under an indictment charging accused resisted an officer attempting to make a lawful arrest of one in the actual commission of a public offense.

Appeal from Circuit Court, De Kalb County;  W. W. Haralson, Judge.

Will McGuire was convicted of resisting or opposing an officer, and he appeals. Reversed and rendered.

I. M. Presley, of Ft. Payne, for appellant.

There was no proof that the offense was committed in De Kalb county, and the defendant's motion to exclude the evidence after the state had closed should have been granted. Code 1907, § 7140; 15 Ala. App. 584, 74 South. 721; 100 Ala. 139, 14 South. 792; 100 Ala. 92, 14 South. 761; 61 Ala. 75; 63 Ala. 167. The motion should have been granted on the further ground of a variance, in that the evidence shows that what was done by defendant was after the arrest, and the indictment charges him with opposing the officer in making the arrest. 196 Ala. 475, 71 South. 672.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The court will take judicial knowledge that Ider is located in De Kalb county. 4 Mich. Ala. Dig. p. 117.

BRICKEN, P. J.    There were two counts in the indictment. The first charged that the defendant Will McGuire did knowingly and willfully oppose or resist G. A. Scott, a deputy sheriff or officer of said county, in at-

tempting to make a lawful arrest of one Tom York, who at the time said arrest was attempted was in the actual commission of a public offense. The second count is similar in its averments and charges that Will McGuire did knowingly and willfully oppose or resist G. A. Scott, a deputy sheriff or officer of said county, in the lawful arrest of one Tom York, who at the time of said lawful arrest was in the actual commission of a public offense, against the peace and dignity of the state of Alabama. The court overruled the defendant's demurrer to the indictment, and to each count of it, separately and severally.

[1, 2] The form prescribed by the Code (Code 1907, § 7161, form 92) for an offense under section 7708 is applicable to the offense of opposing or resisting an officer in serving, executing, or attempting to serve any legal writ or process; no form is prescribed for the offense, also provided for by section 7708 for resisting any lawful arrest, whether under process or not. However, the form prescribed for an offense under the first clause of that statute furnishes an analogy for a form of indictment for the offense provided for by the other clause of the statute.

We are of the opinion that the indictment here has as much particularity in its allegations as form 92, supra. It was not subject to demurrer because of the alternative designation of the office of the person by whom the arrest was made or attempted. Murphy v. State, 55 Ala. 252; Andrews v. State, 78 Ala. 483.

The averment that the arrest or attempt to arrest was by G. A. Scott, a deputy sheriff or officer of said county, imported that he was an officer authorized to make arrests within the terms of the statute on that subject. Code, 6267.

In alleging that the arrest made or attempted was of a person who at the time was in the actual commission of a public offense, the arrest is as fully described as the warrant or writ of arrest is required to be described when the defendant is charged with resisting an officer in making or attempting to make an arrest under a warrant or writ of arrest. Howard v. State, 121 Ala. 21, 25 South. 1000. It would appear that no greater particularity is required in the one case than in the other.

We do not think the indictment in this case was subject to any of the grounds of objection assigned in the demurrer, for the reason that the indictment, with sufficient fullness, directly and expressly alleged the fact, in the doing of which the offense consists, "in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment." The statutory requirement being that every indictment must state the facts constituting the offense, in ordinary and concise language, without prolixity or repetition, in such manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment. Code 1907, § 7134.

[3] This case was tried by the court without a jury and the appeal is from the judgment of conviction rendered by the court. Under the terms of the statute it is the duty of this court to review the conclusions and judgment of the court on the evidence and in so doing shall indulge no presumption in favor of the court below, and if there be error shall render such judgment in the cause as the court below should have rendered, or reverse and remand the same for further proceedings in the circuit court as this court may deem right. Acts 1915, p. 939, § 3.

The provision of above statute that on review "no presumption shall be indulged in favor of the court below," has been construed to mean that this provision can only apply where the opportunities of this court to consider the evidence is the same as the trial court; that is, when the evidence was taken by deposition. It has been expressly held that this statute did not have the effect to change the rule as to the weight to be accorded the finding of the trial court upon the facts. This rule is that, when the evidence is ore tenus, or partly so, and the trial court has the advantage of seeing and hearing the witnesses, this court will not disturb the conclusions, unless it is plainly and palpably contrary to the weight of the evidence. Thompson v. Collier, 170 Ala. 469, 54 South. 493; Hackett v. Cash, 196 Ala. 403, 72 South. 52.

[4] Even under this rule, however, we are of the opinion in this case that the conclusion reached and the judgment rendered thereon are erroneous. In the first place there is no evidence in the record, which purports to contain all the testimony, proving the venue of this case, and none from which it may be inferred. The evidence in this respect is confined to the testimony that the occurrence happened "out at Ider." There is no mention as to what county Ider is in, and nothing from which it can be inferred. Nor is there any evidence showing or tending to show that the offense, if committed at all, was committed within the jurisdiction of the court which tried this case. Proof of venue is jurisdictional and without such proof a conviction cannot be sustained. Code 1907, § 7140; Randolph v. State, 100 Ala. 139, 14 South. 792.

[5] The Attorney General insists, in brief, that this court will take judicial notice that "Ider" is located in De Kalb county. We assume this insistence is made upon the theory that the rule applies here which requires the court to take judicial knowledge of the loca-

tion of incorporated towns, and as to the counties in which such incorporated towns are located. Howard v. State, 172 Ala. 402, 55 South. 255, 34 L. R. A. (N. S.) 990. However, the rule cannot be applied here, for, upon a thorough investigation of "Ider," we find that no such incorporated town exists in this state. In fact, we do not find that "Ider" is even a post office in this state, as the latest official postal guide, which has been carefully examined, does not contain such a designated post office. But even if this were true it would not be sufficient, as the court cannot take judicial knowledge of the location of post offices; the rule being that the court will judicially know that an incorporated town is located in its certain county, and the court will also take judicial notice of the charters of municipal corporations and special statutes conferring special powers upon such incorporated or chartered municipalities. Wetumpka v. Wetumpka Wharf Co., 63 Ala. 611; Badgett v. State, 157 Ala. 20, 48 South. 54; Barney v. State, 5 Ala. App. 302, 57 South. 598. As before stated, this case was not tried by a jury but by the court, and the question of venue was properly presented.

[6] A material averment in each count of the indictment that "the arrest of Tom York was lawful," also fails for want of proof. It is true that there is some testimony tending to show that the said York was "cursing," and that he was "cursing pretty loud"; but there is nothing to show that such "cursing" was in the presence or hearing of a woman, or any other fact to bring it within the terms of the statute (Code 1907, § 6217) known as the abusive, insulting or obscene language, statute. There is no law against "cursing," unless the language used is at a time and place covered by the several statutes on this question.

Furthermore, there is nothing to show that the alleged unlawful acts of Tom York were committed in the presence of the officer. It is not contended that Scott, the officer alleged to have been resisted by defendant, had a warrant for the arrest of York, and even if the insistence that York was committing a misdemeanor was true, unless such act was committed in the presence of the officer, such officer was without authority of law to arrest him, and this allegation in the indictment being material, in fact an ingredient of the offense, the burden was upon the state to show, under the required rules of evidence, that the arrest was lawful and that the officer under the law was authorized to make the arrest. The testimony relating to the conduct of the defendant complained of in this indictment is vague and uncertain and in our opinion insufficient upon which to predicate the judgment of guilt rendered.

The testimony adduced upon the trial to show that Scott was an officer, authorized to make an arrest of this character, is also vague, uncertain, and indefinite. This fact was also material, and the state was under the burden to establish it.

After a careful examination of the entire record and all the testimony adduced upon this trial, we are of the opinion that the state failed to make out its case, and that the defendant was entitled to his discharge by the court. The court failing to render such judgment, under the authority of the statute, supra, this court here renders the judgment which, in our opinion, under all the evidence, should have been rendered by the court below.

The judgment appealed from is reversed, and one here rendered, discharging the defendant from further custody.

Reversed and rendered.