(108 So. 768)

## HARRIS v. CITY OF TUSCALOOSA.
### (6 Div. 683.)

(Court of Appeals of Alabama.   May 18, 1926.)

**1. Obstructing justice** ☞8.

Attempted arrest must have been legal to sustain prosecution for resisting officer.

**2. Obstructing justice** ☞14—In city's prosecution for resisting arrest, statement of officer that he had seen defendant speeding held not sufficient to discharge city's burden of proving beyond reasonable doubt that attempted arrest was legal.

In prosecution by city for resisting an officer, testimony of officer that he had seen accused speeding *held* insufficient to discharge burden of city in proving beyond reasonable doubt that arrest was legal, and that public offense, not a felony, had been committed in presence of officer; his statement being mere conclusion, and there being no evidence of city ordinance making speed a violation of law.

**3. Criminal law** ☞304(12).

Court of Appeals cannot take judicial notice of any city ordinance.

Appeal from Circuit Court, Tuscaloosa County; Fleetwood Rice, Judge.

Prosecution by the City of Tuscaloosa against John Harris. From a judgment of conviction defendant appeals. Reversed and remanded.

Wright & Clark, of Tuscaloosa, for appellant.

There can be no conviction for resisting an officer in an attempt to make an arrest, unless it is shown that the purported arrest was lawful.   Code 1923, § 3263;   Gambill v. Schmuck, 131 Ala. 321, 31 So. 604;  Mangino v. Todd, 19 Ala. App. 486, 98 So. 323 ;  Deason v. Gray, 192 Ala. 611, 69 So. 15.

S. H. Sprott, of Tuscaloosa, for appellee.

A public offense, in judicial proceedings, may be designated by name or some phrase which in common parlance designates it. Code 1923, § 3815; Brown v. State, 63 Ala. 97 ; Nolen v. Jones, 200 Ala. 577, 76 So. 935; Adams v. Coe, 123 Ala. 664, 26 So. 652.  The defendant was not due the general affirmative charge.  Pellum v. State, 89 Ala. 28, 8 So. 83 ; Steele v. State, 19 Ala. App. 598, 99 So. 749.

BRICKEN, P. J.  The offense charged against this appellant was resisting an officer (a policeman) of the city of Tuscaloosa.  The prosecution originated in the recorder's court of said city, and, upon his conviction in that court, he appealed to the circuit court. · He was there tried upon a complaint filed by the attorney for the city, was again convicted, and from the judgment rendered against him in the circuit court this appeal was taken.

[1] Errors are assigned as the law requires, and these assignments present for our consideration the points of decision in controversy.  There are several of these assignments, but from our viewpoint the material inquiry presented is whether the attempted arrest of this appellant by the officer in question was a legal arrest.  If the attempted arrest was an unlawful one, that fact would be conclusive of this appeal.   McGuire v. State, 19 Ala. App. 138, 95 So. 565.

[2, 3] The insistences of the respective parties on this question are vigorous and earnest.  It is admitted that the arresting officer had no warrant for the arrest of appellant, and the appellee (city) relies upon that part of the statute which authorizes an officer to arrest a person without warrant for a public offense committed in his presence; the conduct of accused complained of not being a felony.

The evidence relied upon to sustain appellee in this connection is that of the officer, Policeman Pate, wherein he testified: "He had seen the defendant speeding." We are of the opinion that this statement is but a mere conclusion upon the part of this witness; that it is indefinite and uncertain; and that it fails to meet the burden which the law places upon the appellee to prove every material ingredient of the offense charged in the complaint or accusation, and, of course, the measure of proof is beyond a reasonable doubt.  As stated, the offense here charged was the resistance of an officer in the lawful discharge of his duties, that of making an arrest for the commission of a violation of some ordinance of the municipality.  This court cannot take judicial notice of any ordinance of the city of Tuscaloosa.  If the city has ever adopted and promulgated an ordinance making "speeding" a violation of the law of said city, we are not informed of that fact by this record, nor can this court so presume.  It affirmatively appearing that there is a total lack of evidence to sustain the necessary ingredient of the complaint that the accused committed a misdemeanor or a violation of any criminal ordinance, in the presence of the arresting officer, the attempt by said officer to arrest appellant was unlawful, and being unlawful, the appellant was under no duty to submit, and this prosecution must fall.  We think the cases of McGuire v. State, supra, Mangino v. Todd, 19 Ala. App. 486. 98 So. 323, and Deason v. Gray et al., 192 Ala. 611, 69 So. 15, are direct authority for the holding here made.

Reversed and remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes