179 So. 921

## NERLAND v. STATE.

### 8 Div. 671.

Court of Appeals of Alabama.

March 22, 1938.

S. A. Lynne, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appellant, defendant below, was tried and convicted upon an affidavit which charged him with the offense of selling, offering for sale, or keeping for sale, prohibited liquors or beverages contrary to law, against the peace and dignity of the State of Alabama.

There appears to have been no controversy as to the facts adduced upon the trial. The defendant offered no testimony. That for the State consisted of the evidence of witnesses Kilgore and Sandlin, the former a deputy sheriff; and their testimony was in accord. Said testimony tended to show that some few days prior to the commencement of this prosecution they entered a place in Decatur known as the Railroad Street Barber Shop, of which the defendant admitted, to witness Sandlin, he was in charge. There was a partition in the barber shop and, as the State witnesses entered, the defendant was back of the partition and behind a counter on which there were some small drinking glasses, and some regular sized water glasses. There were, at the time, several men standing in front of the counter drinking. They found several bottles of whisky and some gin on a little table or on shelves back of the counter, with seals broken, and some whisky had been taken out of each bottle. Both witnesses testified they had seen the defendant in that place before. There was other testimony of like import by these two State witnesses.

138

The foregoing undisputed facts were, of course, sufficient to submit to the jury the question of the guilt of the defendant as charged in the affidavit upon which he was tried.

There was no phase of this case which entitled the defendant to the affirmative charge which appears to be the principal point of decision upon which this appeal was rested.

We note, from the oral charge of the court, and otherwise, that the question of the Alabama Beverage Act, Gen.Acts 1936–37; p. 40, created speculation and doubt as to the effect of its operation in the "dry county" of Morgan. That question was in no manner involved upon the trial of this case, for, notwithstanding said Alabama Beverage Act, no person can sell or manufacture any alcoholic, spirituous, or malt liquors containing more than one-half of 1 per cent. in any dry county in this State lawfully. And in any dry county, under the law as it now exists, a prosecution of this character could be maintained.

The evidence, in our opinion, was ample to sustain the verdict of guilt returned by the jury, and to support the judgment of conviction pronounced and entered, from which this appeal was taken.

The demurrer to the affidavit was properly overruled, and the action of the court in denying the motion for a new trial was without error.

Affirmed.