188 So. 269

## SEAMAN v. STATE.

### 6 Div. 366.

Court of Appeals of Alabama.

Jan. 10, 1939.

Rehearing Denied April 4, 1939.

Howard Perdue, Jr., of Birmingham, for appellant.

189 So. 81

**WILLIAMS v. STATE.**

**6 Div. 335.**

Court of Appeals of Alabama.

March 7, 1939.

Rehearing Denied April 4, 1939.

Thos. S. Lawson, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The record discloses that upon arraignment in the circuit court on appeal, the defendant interposed a plea of guilty. This, we think, was equivalent to a waiver by him of the filing of a complaint by the Solicitor. It has many times been decided that the defendant on appeal to the circuit court from an inferior court, may waive the filing of a complaint by the Solicitor. By having entered a plea of guilty to the affidavit the defendant in effect waived same and certainly no injury inured to him by failure of the Solicitor to file a complaint.

In addition to the foregoing the pertinent provisions of the Statute, Section 3258 of the Code 1923 must apply. Said Statute, among other things, provides: " * * * the court [appellate]" in all criminal cases, "must consider all questions apparent on the record, * * * and must render such judgment as the law demands." The same Statute also provides: "But the judgment of conviction must not be reversed because of error in the record, when the court is satisfied that no injury resulted therefrom to the defendant."

From the foregoing we hold: (1) There was an implied waiver, as stated; and (2) this court is satisfied that no injury resulted to the defendant, by the failure of the Solicitor to make a brief statement of the cause of complaint, as required by Section 3843 of the Code 1923.

It follows that defendant's motion for a rehearing, and the setting aside of the judgment of affirmance made and entered by this court on January 10, 1939, must be denied.

Application overruled.