199 So. 744

### HALL v. STATE.

4 Div. 638.

Court of Appeals of Alabama.

Dec. 17, 1940.

Rehearing Denied Jan. 14, 1941.

E. C. Boswell, of Geneva, for appellant.

Thos. S. Lawson, Atty. Gen., and John S. Vardamán, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The appeal in this case is from a judgment of conviction in the lower court for the offense of violating the prohibition laws of the State, by having whiskey in possession.

The cause was there tried upon an agreed statement of facts which we deem proper to here set out in full, towit:

"Agreed Statement of Facts

"It is agreed between the State of Alabama, by its Solicitor, and the Defendant, by his attorney, that on the 20 day of April, 1940, the Sheriff and some of his deputies went to the cafe owned by the Defendant in the Town of Hartford, Geneva County, Alabama, and into a back room partitioned off from the cafe which was at the time being used by the Defendant as a bed room, and seized about one half pint of whiskey in a pint bottle, which had the Alabama State store stamp thereon, and the same being rye liquor, which the defendant had purchased from the State Liquor Store, at Dothan, Alabama. That the defendant was present at the time the whiskey was seized by the officers.

"It is agreed by the parties that the defendant himself had drank the balance of said pint of liquor and had not sold the same or offered the same for sale, and that he had the same in his possession in said room.

"It is further agreed that the building where the liquor was seized was a building used for a cafe as well as for living quarters of the defendant, and was not used exclusively as a residence.

"It is agreed that the foregoing are the facts in connection with the charge against this Defendant, and that the same be taken and used in this cause as the testimony.

"Also it is agreed between the State of Alabama, and its Solicitor, and the defendant, and his attorney, that a majority of the qualified electors voting in the election held on March 10, 1937, as provided for in Section 51 of Alabama Beverage Control Act, voted in favor of the legal sale and distribution of alcoholic beverages in Geneva County, Alabama, and that subsequent thereto the Governor issued his proclamation, as provided in said Act, declaring Geneva County to be one of the wet counties in Alabama, and that subsequent to said proclamation State Liquor Stores were established and opened

in Geneva County, under the provisions of the Alabama Beverage Control Act, for several months.

"It is further agreed between said parties that at an election subsequently held on the 9th day of November 1937 in Geneva County, as provided by said Act, that a majority of the qualified voters voting in said election voted against the legal sale and distribution of alcoholic beverages, and that immediately following said election the State Liquor stores were removed from Geneva County and all beer licenses were cancelled."

 We gather, from the earnest oral argument by counsel for appellant, upon the submission of this case in this court, as well as from extensive briefs filed by him, that one of the principal insistences is to the effect that a different legal status prevails in Geneva County than that existing in other "dry" counties of the State. In this connection it is urged as a result of the Alabama Alcoholic Beverage Control Board having acquired jurisdiction and authority in Geneva County, only that portion of Section 51 of said Act prohibiting the *manufacture, sale or distribution* of alcoholic beverages. shall (be) or remain in full force and effect, and left the possession, transportation and delivery of alcoholic beverages still subject to the control of the Board, under the provisions of sub-section (b) of Section 6 of this Act. Gen.Acts 1936–37, Sp.Sess. pp. 40, 47, 81.

Further, that the Alabama Beverage Control Board has authority under said Sub-section (b) to prescribe rules of possession, transportation and delivery of alcoholic beverages in Alabama, and certainly in Geneva County, a county that became wet under the provisions of Section 51 of the Act on March 10, 1937, and since the Alabama Alcoholic Beverage Control Board, so far as we know, has not adopted any rules or regulations, and has not made any provisions prohibiting the possession of alcoholic beverages legally purchased from a State Liquor Store in this State, that the possession by appellant in this case of such liquor in Geneva County was not in violation of the law as it obtains in Geneva County.

In view of the numerous adjudications of this court, and Supreme Court, we perforce must and do hold the foregoing insistence to be untenable, hence cannot be sustained. And, as to the further insistence to the effect that the case of Welder Williams v. State, 28 Ala.App. 73, 179 So. 915, and other designated cases of like import are unsound, and should be so declared and overruled, this court, without reference to the personal opinion of the writer, is without authority to so declare as a result of the inhibition and provisions of Section 7318 of the Code 1923. Towit: "The decisions of the Supreme Court shall govern the holdings and decisions of the Court of Appeals, etc."

From what has been said, we see no escape from holding, that under the agreed facts upon which this case was tried and determined, the conviction of the defendant (appellant) was properly had and must obtain. It is therefore ordered that the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.