6 So.2d 30

## HALL v. STATE.

### 4 Div. 639.

Court of Appeals of Alabama.
Jan. 13, 1941.

Rehearing Denied Feb. 3, 1942.

E. C. Boswell, of Geneva, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. A. Hare, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

This appeal proceeded from a conviction of violating the State prohibition law in Geneva, a dry, County.

Immediately prior to an election held November 9, 1937, under the provisions of the Alabama Alcoholic Beverage Control Act, Code 1940, Tit. 29, § 1 et seq., Geneva was a wet county, as that term is used in the Act. However, in said election a majority of the qualified electors of the county voted against the legal sale and distribution of alcoholic beverages in said county, whereby it became dry, thus bringing into full force and effect all of

the then existing prohibition laws of the State.

The court takes judicial notice of the status, hereinabove, of the law in said county. Badgett v. State, 157 Ala. 20, 48 So. 54; McPherson v. State, 29 Ala.App. 278, 196 So. 739, certiorari denied 239 Ala. 641, 196 So. 741.

It was not controverted, but admitted by appellant, that he was in possession of whiskey in said county on or about April 9, 1940, viz., at a time when Geneva was a so-called dry county. His defense—also an uncontroverted fact—was that the whiskey he admitted possessing had been purchased the previous day from a duly constituted State liquor store in Houston, a wet, County.

Both appellate courts of our State have already construed the law to be that possession of whiskey in a dry county of our State, though lawfully purchased from a State liquor store, is illegal. The State prohibition laws are in full force and effect in dry counties irrespective of the kind of whiskey possessed or where purchased. Hall v. State, 29 Ala.App. 588, 199 So. 744; Williams v. State, 28 Ala.App. 73, 179 So. 915, certiorari denied 235 Ala. 520, 179 So. 920; Nerland v. State, 28 Ala.App. 137, 179 So. 921; Charles Lovett v. State, ante, p. 334, 6 So.2d 437.

We also pronounce as proper that portion of the oral charge of the trial court, to-wit: "The keeping of liquor or beverages that are prohibited by the law of the state to be manufactured, sold or otherwise disposed of, in any building not used exclusively for a dwelling shall be prima facie evidence that they are kept for sale, or with intent to sell the same, contrary to the law." This instruction was directly responsive to the Act still applicable in dry counties. General Acts, Special Session, 1909, p. 63, Section 4, Code 1940, Title 29, § 155; Walls v. State, 29 Ala.App. 466, 198 So. 151, certiorari denied 240 Ala. 148, 198 So. 153; Sinbeck v. State, 28 Ala.App. 118, 179 So. 645.

The evidence was clear, positive and without dispute in proof of every element of the offense, so the court acted with propriety in giving for the State the general affirmative charge. Holmes v. State, 29 Ala.App. 594, 199 So. 736; Ex parte Grimmett, 228 Ala. 1, 152 So. 263.

The remaining special written charges requested by appellant embraced incorrect statements of law, not in harmony with the foregoing authorities and were hence correctly refused by the trial court.

Finding no error, we think the judgment should be affirmed. So ordered.

Affirmed.