364 So.2d 362 (1978)
Ex parte Albert William SANKEY.
Re Albert William SANKEY
v.
STATE of Alabama.
77-621.
Supreme Court of Alabama.
November 10, 1978.
*363 Joseph G. L. Marston, III, Prattville, for petitioner.
William J. Baxley, Atty. Gen. and J. Bernard Brannan, Jr., Asst. Atty. Gen., for the State, opposed.
PER CURIAM.
We granted certiorari at the instance of the accused to review the judgment of the Court of Criminal Appeals which affirmed his conviction in circuit court based upon his plea of guilty to a charge of resisting arrest. The Court of Criminal Appeals wrote no opinion. After review, we are convinced that the writ was improvidently granted and is due to be quashed.
The accused cites Albright v. State, 50 Ala.App. 480, 280 So.2d 186 (1973); cert. denied 291 Ala. 771, 280 So.2d 191 (1973), for the proposition that the complaint was defective, that his plea of guilty to that complaint, therefore, did not waive what he claims was a demurrable defect, in that the complaint failed to name the officer he allegedly resisted.
The rule of law is that a plea of guilty when accepted and entered by the court is a conviction of the highest order, and is an admission, of record, of the truth of whatever is sufficiently charged in the indictment. The question is: Will the charging instrument, as drawn, support a conviction and sentence, conceding that the defendant admitted the commission of the act charged?
The complaint here charged the accused ". . . did knowingly and willfully oppose or resist a lawful arrest by an officer of the state or county. . ." Code of Ala.1975, § 13-5-4, provides:
"Any person who knowingly and wilfully opposes or resists any officer of the state, county or municipality in serving, executing or attempting to serve or execute any legal writ or process whatsoever, or who resists any lawful arrest, whether under process or not, shall, on conviction, be fined not less than $50.00 nor more than $1,000.00 and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months."
We conclude that the complaint supports a conviction and sentence for resisting arrest, because the accused, by his plea of guilty, admitted that he "did knowingly and willfully oppose or resist a lawful arrest by an officer of the state or county."
Harris v. State, 19 Ala.App. 484, 98 So. 316 (1923), cited, and quoted from, by the Court of Criminal Appeals in its decision in Albright, supra, held that the indictment in that case Failed to charge offense of forgery and, therefore, the indictment was not sufficient to support a verdict of guilt for forgery. Here, the complaint is sufficient to support a conviction for resisting arrest.
We recognize that Albright could be construed to state a rule different from the rule we announce in this opinion. To the extent that Albright does conflict with this opinion, Albright is overruled.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
TORBERT, C. J., and BLOODWORTH, MADDOX, FAULKNER, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
JONES, J., dissents.
*364 JONES, Justice (dissenting):
I respectfully dissent.
This case, before the Court upon writ of certiorari, involves the review of a conviction of resisting lawful arrest. The Court of Criminal Appeals affirmed the judgment rendered by the trial Court. I would reverse and remand to the Court of Criminal Appeals.
Petitioner, Albert William Sankey, was convicted in the District Court of Montgomery County for resisting a lawful arrest by an officer of the State or County. Sankey appealed this conviction to the Circuit Court of Montgomery County, where, pursuant to Alabama law, a trial de novo was held. The solicitor's complaint filed against Sankey reads as follows:
"ON APPEAL FROM THE MONTGOMERY DISTRICT COURT
"The State of Alabama, by its District Attorney, JAMES H. EVANS, complains of Albert William Sankey that within 12 months before the commencement of this prosecution, he did knowingly and willfully oppose or resist a lawful arrest by an officer of the State or County, against the peace and dignity of the State of Alabama."
 "/s/ J. H. EVANS
 DISTRICT ATTORNEY,
 FIFTEENTH JUDICIAL
 CIRCUIT
 STATE OF ALABAMA."
Sankey filed a demurrer to the complaint setting out numerous grounds including, but not limited to, the following:
1) The alleged officer of the State or County is not described with sufficient specificity.
2) The alleged officer of the State or County is not identified.
3) The authority for the alleged lawful arrest is not identified.
The demurrer to the complaint was overruled and Sankey subsequently entered a plea of guilty to the complaint. The case was appealed to the Court of Criminal Appeals, which affirmed without opinion.
In Albright v. State, 50 Ala.App. 480, 280 So.2d 186 (1973), it was held that a guilty plea did not waive the right to appeal a demurrable defect as to the sufficiency of an indictment [complaint] so long as the objection is made prior to the plea. Under the authority of Albright, it is clear that Sankey has preserved his right to appeal in this case despite his plea of guilty. Furthermore, Sankey has properly invoked Rule 39(k) for purposes of our review.
The State points to the case of Seaman v. State, 28 Ala.App. 480, 188 So. 269 (1939), which held:
"Upon arraignment in the circuit court on appeal, the defendant interposed a plea of guilty. This, we think, was equivalent to a waiver by him of the filing of a complaint by the Solicitor."
The State argues that the rule in Seaman is such that a plea of guilty operates as a waiver of the complaint and, therefore, the complaint's necessity becomes nil, and error, if existent, becomes superfluous.
The Seaman rule applies only where no complaint is filed in the Circuit Court. In the instant case, there was a complaint, which the Defendant attacked by demurrer, prior to his plea. As Albright, supra, shows, on the present facts, it cannot be argued that there has been a waiver of the complaint or its defects.
Section 12-22-113, Ala.Code 1975, provides that the form of the complaint in a trial de novo in the circuit court should describe the offense ". . . as in the case of indictment." In McGuire v. State, 19 Ala.App. 138, 95 So. 565 (1923), the Court of Appeals held that, while the Code provided no form for an indictment for resisting lawful arrest by an officer, the Code does provide a form for an indictment for resisting service of any legal writ of process, and that this form is to be applied by analogy in a case of resisting lawful arrest.
Section 15-8-150(84), Ala.Code 1975, provides the following as the proper form of indictment for resisting an officer in execution of process:
A. B. did knowingly and willfully oppose or resist C. D., the sheriff of said *365 county, in attempting to serve or execute a writ of execution, called a fieri facias, issued by the clerk of the circuit court of said county (or as the case may be, describing the process generally). (Emphasis added.)
In McGuire, the appellant alleged that the indictment was objectionable because the designation of the office of the person by whom the arrest was attempted was stated alternatively as "a deputy sheriff or officer of said county." In upholding the validity of the indictment, the Court noted:
"The averment that the arrest or attempt to arrest was by G. A. Scott, a deputy sheriff or officer of said county, imported that he was an officer authorized to make arrests within the terms of the statute on that subject. . . .
"In alleging that the arrest made or attempted was of a person who at the time was in the actual commission of a public offense, the arrest is as fully described as the warrant or writ of arrest is required to be described when the defendant is charged with resisting an officer in making or attempting to make an arrest under a warrant or writ of arrest. Howard v. State, 121 Ala. 21, 25 So. 1000. It would appear that no greater particularity is required in the one case than in the other.
"We do not think the indictment in this case was subject to any of the grounds of objection assigned in the demurrer, for the reason that the indictment, with sufficient fullness, directly and expressly alleged the fact, in the doing of which the offense consists, `in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.' The statutory requirement being that every indictment must state the facts constituting the offense, in ordinary and concise language, without prolixity or repetition, in such manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction to pronounce the proper judgment.. . ."
In the present case, it appears that the indictment is not sufficient under the criteria of McGuire, when read in conjunction with the applicable Code provisions, in that: 1) the name of the person who made or attempted to make the arrest is not stated; 2) the office of the person who made or attempted to make the arrest is not stated with sufficient particularity; and, 3) the authority to make a lawful arrest is not shown by the complaint.
It should be noted here that in Hill v. State, 339 So.2d 601 (Ala.Cr.App.1976), cert, denied, 339 So.2d 610 (Ala.1976), a case involving the charge of assaulting an officer, it was argued that the indictment was insufficient in that it did not name the officer assaulted. While this Court stated, "We are satisfied that no injury resulted to the defendants from the omission of the assaulted officer's name," this was actually a case where the defendant had waived his right on this issue by failing to demurrer to the indictment, and attempted to raise this issue for the first time on appeal. Such is not the case here, in my opinion, as Sankey has properly preserved any error in the complaint by his demurrer prior to his plea of guilty.
I would reverse and remand.