JOSEPH J. MULLINS, Retired Circuit Judge.
The appellant, Dennis Carl Chastang, was convicted in the Inferior Court of Baldwin *368 County, Alabama on a charge of night hunting, and on a charge of carrying a pistol without a permit. He appealed both convictions to the Circuit Court of Baldwin County where the charges were tried together by the court without the intervention of a jury, and appellant was convicted on both charges. A fine of $100.00 for night hunting, and $25.00 for carrying a pistol without a permit were assessed against him.
The appellant is now, and was at all proceedings in the trial court, represented by counsel of his own choice. This appeal was submitted to this Court on briefs.
Appellant states in his brief three reasons why his conviction should be reversed: First, because the District Attorney did not file a Solicitor’s complaint; second, because the evidence does not support the judgment; third, because a search and seizure was illegal.
The record discloses that the appellant appeared in the circuit court with his counsel present and was arraigned on the original affidavits filed in the Inferior Court of Baldwin County and entered a plea of not guilty in each case. No question was raised in the trial court with reference to a Solicitor’s complaint, and the original affidavits being filed in the circuit court, and the appellant having pleaded to them without objection, we hold that the failure of the District Attorney to file a complaint in the circuit court was waived by the appellant, and he cannot complain for the first time in this Court on appeal from the circuit court. Seaman v. State, 28 Ala.App. 480, 188 So. 269; Chambers v. State, 31 Ala.App. 269, 15 So.2d 742.
State’s evidence tended to prove that the appellant and another person were hunting deer at 12:15 A.M. o’clock along a public road in Baldwin County, Alabama; that appellant had in his possession in his car a spotlight and a pistol, and no pistol permit.
There was no objection to state’s evidence during the trial, there was no motion to exclude state’s evidence as to the charge of night hunting, there was no motion for a new trial. We hold as to the charge of night hunting the sufficiency of state’s evidence is not presented to this Court by this record. Thornton v. State, Ala.Cr.App., 356 So.2d 667; Lambert v. State, Ala.Cr.App., 358 So.2d 773.
At the conclusion of state’s evidence the appellant moved the court to suppress the evidence of the pistol and to dismiss the charge of possession of a pistol without a permit because it was the fruits of an illegal search of appellant’s automobile.
State’s evidence tended to prove the following: That a deputy sheriff of Baldwin County, a few minutes before 12:15 o’clock, A.M. on the day appellant was arrested, had observed the appellant on three occasions riding up and down the same public road in Baldwin County near a bean patch where deer are hunted, driving about ten or fifteen miles an hour, flashing a spotlight into the woods and had heard a gun blast come from down where appellant’s car was and in about a minute or a minute and a half appellant’s car was stopped by the officer and a loaded 38 pistol was found by the officer under the driver’s seat, and a spotlight was found on the floor board on the passenger’s side; that the officer arrested the appellant for night hunting and for possession of a pistol without a permit.
It appears to us that the deputy sheriff had probable cause to arrest the appellant for night hunting and to search his car for articles situated therein used in night hunting. We hold that the trial court did not err in overruling appellant’s motion to suppress the evidence of the pistol and dismiss the charge of possession of a pistol without a permit. Daniels v. State, 290 Ala. 316, 276 So.2d 441; Code Of Alabama, 1975, Sec. 13-6-153.
We have searched the entire record for errors prejudicial to the appellant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a retired *369 Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.