TAYLOR, Judge.
The appellant, Dana Ross Stegall, was convicted in the District Court for Baldwin County of indecent exposure. He filed a notice of appeal for a trial de novo in the Circuit Court for Baldwin County. The indecent exposure charge was then consolidated with another charge that was pending against the appellant in circuit court, resisting arrest. He was tried and found guilty of public lewdness (a lesser offense of indecent exposure) and resisting arrest. He was sentenced to three months in jail on the public lewdness charge; that sentence was suspended and he was given supervised probation. He was sentenced to 60 days’ incarceration on the resisting arrest charge; that sentence was to be served consecutively to the sentence he is currently serving.[1]
The state’s evidence tended to show that on September 11, 1992, Nancy Hadley was driving her automobile along Brewton Street in Robertsdale, Alabama; that her 2-year-old daughter was in the car with her; that she rounded a curve on Brewton Street and saw a man standing almost in the street; and that the man had taken off his shorts and was exposing his genitals.
Mrs. Hadley identified the appellant as the man who had exposed his genitals. When police arrived at the appellant’s house to arrest him, he bolted out the back door and ran to a nearby field. After a chase, the police apprehended him.
*1011 I
The appellant initially argues that the circuit court lacked jurisdiction to try his ease for indecent exposure because the solicitor’s complaint was not filed in the circuit court within 14 days of the notice of appeal from the district court. Specifically, he contends that Rule 30.4(a), A.R.Crim.P., was violated. This rule states:
“Within fourteen (H) days after the filing of a notice of appeal to the circuit court for trial de novo, the clerk of the municipal or district court shall transmit to the clerk of the circuit court such records of the proceedings as are in his possession, including the original charging instrument. If appeal is from a municipal court and the clerk thereof shall fail to transmit such records to the clerk of the circuit court within the time prescribed, the municipality shall be deemed to have abandoned the prosecution; the defendant shall stand discharged, with prejudice; and any bond shall be automatically terminated.”
(Emphasis added.)
On October 8, 1992, the appellant filed his notice of appeal to the circuit court. On October 28, 1992, the solicitor’s complaint was filed in the circuit court. The appellant appeared and entered a plea of not guilty on the charges on November 6, 1992. On February 1,1993, the day that the appellant was tried in the circuit court, he filed a motion to dismiss for failure to timely file the solicitor’s complaint. This identical issue was recently addressed by this court on this same appellant’s appeal from a prior conviction; see Stegall v. State, 628 So.2d 1006, 1008 (Ala.Cr.App.1993). In that case, this court stated:
“Because the filing of a solicitor’s complaint is not jurisdictional, the failure to raise the timeliness issue may result in a waiver of the issue. ‘It has many times been decided that the defendant on appeal to the circuit court from an inferior court may waive the filing of a complaint by the State.’ Seaman v. State, 28 Ala.App. 480, 481, 188 So. 269, 270, cert. denied, 237 Ala. 598, 188 So. 270 (1939). It reasonably follows that any defects in the filing of the solicitor’s complaint may also be waived.
“In this case, the appellant made no motion to dismiss on the grounds of the untimely filing of the solicitor’s complaint until the day of trial.... At no time before his plea did he question the untimely filing of the solicitor’s complaint. The appellant has now waived any procedural defects in the filing of the solicitor’s complaint. This court, in Cottonreeder v. State, 392 So.2d 869 (Ala.Cr.App.1980), writ denied, 392 So.2d 873 (Ala.1981), held:
“ ‘In Taylor v. City of Decatur, 40 Ala.App. 571, 117 So.2d 786 (1959), the defendant was deemed to have waived the ■ filing of the solicitor’s complaint where he did not demand one and where he filed a demurrer in circuit court to the original complaint sent up from the inferior court. Likewise, in the instant case, we find no demand by appellant that the circuit court proceed on a district attorney’s complaint and likewise we find that appellant filed a demurrer in circuit court to the original complaint sent up from the district court.’
“392 So.2d at 873.”
The appellant has waived any irregularities in the filing of the solicitor’s complaint with the circuit court.
II
The appellant next contends that the trial court erred in admitting evidence of a prior conviction. The prior conviction that was allowed to be introduced was the appellant’s conviction for indecent exposure referred to in footnote 1.
The appellant testified and denied that it was he who had exposed himself to Mrs. Hadley. The court allowed the prosecution to question the appellant about his prior conviction for indecent exposure. The court stated:
“The Court is of the opinion that it’s offered under the narrow exception of identity, and that this is a type of signature crime in [that] both offenses occurred at approximately the same physical location, [by the appellant’s house], and the method of creating the crime was substantially similar, that is, a male standing by the side of the road pulling down [his] pants. And *1012 in both instances, there were [young] victims in automobiles with a child in the ear.”
The trial judge in this case was familiar with the facts surrounding the prior conviction, because he was the judge who had presided over the prior case.
Generally, evidence of a collateral offense is not admissible. C. Gamble, McEl-roy’s Alabama Evidence § 69.01(1) (4th ed. 1991). However, there are certain well-recognized exceptions to this general rule. McElroy’s, § 69.01 et seq. One of the recognized exceptions to the general exclusionary rule is that evidence of a collateral crime is admissible if it goes towards establishing the identity of the wrongdoer. McElroy’s § 69.-01(8). “The identity exception to the general exclusionary rule only becomes applicable when the identity of the person who committed the now-charged crime is in issue.” McElroy’s, § 69.01(8). In this case the identity of the person who had committed the crime was placed at issue when the appellant stated during his testimony that he was not the one who had exposed himself to Mrs. Hadley.
However, before the prior conviction can be received into evidence under the identity exception there must be evidence that allows the two crimes to be characterized as ‘“signature crime[s]’ having the accused’s mark and the peculiarly distinctive modus operandi so that they may be said to be the work of the same person.” Bighames v. State, 440 So.2d 1231, 1233 (Ala.Cr.App.1983).
Here, the two crimes were remarkably similar. Both occurred very near the appellant’s home, at a curve in the street; and both involved instances where the man pulled down his pants and exposed himself to the passengers in a passing car. Also both instances involved young women driving with small children in the cars. Evidence of the appellant’s prior conviction for indecent exposure was correctly received into evidence under the identity exception to the general exclusionary rule.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.

. The appellant was recently convicted of indecent exposure in a separate case; we affirmed his conviction in that case in Stegall v. State, 628 So.2d 1006 (Ala.Cr.App.1993). The sentence on the resisting arrest charge in the present case was to be served consecutively to the sentence he received on the conviction dealt with in CR-92-453.