MeMILLAN, Judge.
The appellant, Neal Moser, was found guilty in a jury trial of harassment and public intoxication. He was sentenced on each conviction to 90 days’ hard labor, and both sentences were suspended on the condition that he be placed on probation for one year and he was also ordered to pay a $250 fine and court costs.
The presence of a court reporter at trial was waived; however, pursuant to Rule 10(e), Ala.R.App.P., the parties stipulated to the following facts: Birmingham Police Officer Jennifer Kushner was called at approximately 2:30 a.m. to investigate a report of a person lying in the street. When she responded, she found the appellant. She asked him to stand and the appellant staggered into her. His breath smelled of alcohol, his speech was slurred, and his eyes were bloodshot. The officer believed that the appellant was intoxicated, so she placed him under arrest for public intoxication and patted him down for weapons. When she handcuffed him, the appellant called her a “MF-” and said, “F— You,” in the presence of four young women who were on the sidewalk nearby. He continued to curse on the way to the jail. Officer Kushner testified that she felt irritated and harassed by the appellant’s expletives and that she therefore arrested him for harassment. Her testimony was corroborated by the testimony of her partner, who was at the scene of the arrest when it occurred.
I.
The appellant contends that the trial court erred in finding him guilty of harassment because, he says, the words and phrases he used do not constitute “fighting words” when directed toward a police officer. In Robinson v. State, 615 So.2d 112 (Ala.Cr.App.1992), this Court found that an appellant who yelled “F — ” before calling a police officer’s name did not commit harassment because his language did not constitute “fighting words.” “Fighting words” are words that are likely to cause a violent response in the person to whom they are addressed and that, by their very utterance, provoke swift physical retaliation and an immediate breach of the peace. Id.
In the present case, Officer Kushner testified that the appellant’s words were directed to her. Because she is a trained police officer who was working in the line of duty, the appellant’s language was unlikely to provoke a violent response. The language he used, therefore, did not constitute fighting words, and he could not lawfully be arrested for harassment. The appellant’s conviction of and sentence for harassment, therefore, must be reversed.
II.
The appellant contends that his fine of $250 on the public intoxication charge is excessive because it exceeds the amount specified for violating § 13A-5-12, Code of Alabama 1975. However, the appellant was charged with violating § 11-6-12 of the Birmingham City Code 1980. This Court is authorized by § 11 — 15-11, Code of Alabama 1975, to take judicial notice of the ordinances of Class 1 municipalities, defined in § 11-40-12(a) as cities with a population of 300,000 inhabitants or more. Section 6, Birmingham City Code 1980, provides a fine of up to $500 upon conviction of the charged offense. Therefore, the trial court’s imposition of a $250 fine on the appellant’s conviction of public intoxication was proper and is due to be affirmed.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
All Judges concur.