ON RETURN TO REMAND
The appellant, Richard David Johnston, was convicted in the municipal court for the City of Irondale of resisting arrest, disorderly conduct, and giving false information to a police officer. He appealed for a trial de novo to the Circuit Court and after that trial was found guilty of all charges. He was sentenced to six months in jail and was fined $1,000 on his conviction for resisting arrest. That sentence was suspended and the appellant was ordered to serve two years on probation. He was sentenced to 60 days in jail and was fined $300 on the conviction for giving false information. On the conviction for disorderly conduct the appellant was sentenced to 60 days in jail and was fined $500.
We remanded this case so that the court could resentence the appellant on his conviction for resisting arrest by setting his fine on that conviction within the statutory limits on fines.Johnston v. City of Irondale, 671 So.2d 776 (Ala.Cr.App. 1995). The court complied with our directions and resentenced the appellant, fining him $150.
We now address the remaining issues raised by the appellant on appeal to this court.
 I
The appellant contends that the fact that the solicitor's complaint filed in the circuit court was not signed, denied him due process. This issue was never presented to the trial court.
 " 'Because the filing of a solicitor's complaint is not jurisdictional, the failure to raise the timeliness issue may result in a waiver of the issue. "It has many times been decided that the defendant on appeal to the circuit court from an inferior court may waive the filing of a complaint by the State." Seaman v. State, 28 Ala. App. 480, 481, 188 So. 269, 270, cert. denied, 237 Ala. 598, 188 So. 270 (1939). It reasonably follows that any defects in the filing of the solicitor's complaint may also be waived. *Page 779 
 " 'In this case, the appellant made no motion to dismiss on the grounds of the untimely filing of the solicitor's complaint until the day of trial. . . . At no time before his plea did he question the untimely filing of the solicitor's complaint. The appellant has now waived any procedural defects in the filing of the solicitor's complaint. This court, in Cottonreeder v. State, 392 So.2d 869 (Ala.Cr.App. 1980), writ denied, 392 So.2d 873 (Ala. 1981), held:
 " ' "In Taylor v. City of Decatur, 40 Ala. App. 571, 117 So.2d 786 (1959), the defendant was deemed to have waived the filing of the solicitor's complaint where he did not demand one and where he filed a demurrer in circuit court to the original complaint sent up from the inferior court. Likewise, in the instant case, we find no demand by appellant that the circuit court proceed on a district attorney's complaint and likewise we find that appellant filed a demurrer in circuit court to the original complaint sent up from the district court."
" '392 So.2d at 873.'
 "The appellant has waived any irregularities in the filing of the solicitor's complaint with the circuit court."
Stegall v. State, 628 So.2d 1009, 1011 (Ala.Cr.App. 1993).
Because the appellant did not object, he has waived this irregularity in the solicitor's complaint.
 II
The appellant further contends that the lack of an arraignment denied him due process of law.
 "The appellant contends he is entitled to a new trial because he was never arraigned in circuit court. The appellant proceeded to trial in circuit court on this charge and never objected to his lack of arraignment in circuit court. Thus, he waived arraignment by his silence in this regard. See Steeley v. State, 533 So.2d 665
(Ala.Crim.App. 1988); Marsden v. State, 475 So.2d 588
(Ala. 1984); Bush v. City of Troy, 474 So.2d 164
(Ala.Crim.App. 1984); aff'd, 474 So.2d 168
(Ala. 1985); Harper v. City of Troy, 467 So.2d 269
(Ala.Crim.App. 1985)."
Steeley v. City of Gadsden, 533 So.2d 671, 674-75
(Ala.Cr.App. 1988). The appellant has waived any question concerning his arraignment.
 III
The appellant further contends that because he was not represented by an attorney, he was denied due process. The record reflects that the appellant is not indigent. The case was set for trial twice, and on each occasion the appellant appeared without an attorney. The judge postponed the proceedings so that the appellant could employ counsel. The third time the case was set for trial, the judge proceeded with the appellant acting pro se. The appellant did retain counsel before the filing of his motion for a new trial.
Rule 6.1(b), Ala.R.Crim.P., provides:
 "If a nonindigent defendant appears without counsel at any proceeding after having been given a reasonable time to retain counsel, the cause shall proceed."
See also Warren v. City of Enterprise, 641 So.2d 1312
(Ala.Cr.App. 1994). Under these circumstances, the appellant was not denied due process.
 IV
The appellant further contends that he was denied due process when his cases were consolidated. However, this issue is also waived because the appellant failed to object. Jones v. State,591 So.2d 569 (Ala.Cr.App. 1991).
 V
The appellant also contends that he was denied due process because there was no court reporter present to transcript the proceedings.
In Ex parte White, 403 So.2d 292 (Ala. 1981), the Alabama Supreme Court stated: "The duty is not on the defendant to request a court reporter. He is entitled to a court reporter but can waive that right." See also Old Southern Life Ins. Co.v. Spinato, 57 Ala. App. 416, 329 So.2d 106
(Ala.Civ.App. 1976).
Here the appellant availed himself of the procedures in Rule 10, Ala.R.App.P., for *Page 780 
securing a record for this court's review. The parties filed their statements of the facts with the trial court, and that court submitted its statement of the evidence for this court's review. Rule 10(d), Ala.R.App.P., states:
 "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. If the appellant prepares such a statement, the appellant shall serve it on the appellee within 28 days (4 weeks) after filing the notice of appeal; the appellee, within 14 days (2 weeks) after service, may serve on the appellant objections or proposed amendments to the statement. If the appellee serves no objection or proposed amendments, then, within 21 days (3 weeks) after the statement was served on the appellee, the appellant shall file the statement with the trial court for approval. If the appellee serves on the appellant any objections or proposed amendments, then, within 7 days (1 week) after service, the appellant shall file the statement and any objections or proposed amendments with the trial court for settlement and any objections or proposed amendments with the trial court for settlement and approval. Within 21 days (3 weeks) after the filing, the trial court shall rule, settling any questions regarding the objections and proposed amendments, and issuing an approved statement of the evidence or proceedings. The statement, either as approved by the court or as issued by the court after its ruling, shall be filed with the clerk of the trial court, who shall include it in the record on appeal."
The presence of a court reporter was waived by the appellant's filing of the Rule 10(d), Ala.R.App.P., motion. Moser v. Cityof Birmingham, 647 So.2d 100 (Ala.Cr.App. 1994).
 VI
The appellant last contends that his conviction is void because, he says, the Honorable Michael Sanderson was without authority to hear the case. The record shows that Judge Sanderson was appointed special judge to hear the case for Judge Alfred Bahakel. The record does not support the appellant's contention.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.